# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

Case Number:   25-1742

Case Name:

**TIMOTHY BOOTH v. PHILADELPHIA POLICE DEPARTMENT ET al**



### INFOR $^M$AL BRIEF

<u>DIRECTIONS</u>: Answer the following questions about your appeal or petition for review to the best of your ability. Use additional sheets of paper if necessary. You need not limit your brief solely to this form, but you should be certain that any brief you file contains answers to the questions below. The Court prefers short and direct statements.

1. **Jurisdiction**: **What order(s) of the district court or agency are you appealing?**

**THIS APPEAL TO THE 3RD CIRCUIT COURT OF APPEALS IS FROM THE UNITED STATES EASTERN DISTRICT COURT JUDGE JOHN MILTON YOUNGE DECISION TO DENY APPELLANT MOTION TO RECUSE HIM FROM APPELLANT RETALIATORY WRONGFUL TERMINATION BECAUSE OF THE WHISTLEBLOWING COMPLAINT AND THEN THE ERRONEOUS DISSMAL OF APPELLANT RETALIATORY WRONGFUL TERMINATION BECAUSE OF THE WHISTLEBLOWING COMPLAINT ( FALSE CLAIM ACT LITIGATION), WITH PREJUDICE**

**2. What is the date of the order(s)? JUDGE JOHN MILTON YOUNGE ISSUED HIS ORDERED ON 4-07-2025 ( DOCKET NUMBER 2:25-CV-00984)**



**3. When did you file your notice of appeal or petition for review?** APPELLANT TIMOTHY BOOTH FILED THIS APPEAL ON 4-17-2025

4. **Statement of the case: Explain the proceedings in the district court or before the agency** (i.e. **what the district court or the agency did in deciding your case**).
I PRO-SE APPELLANT TIMOTHY BOOTH HAD FILED MY CIVIL RIGHTS VIOLATION RETALIATORY WRONGFUL TERMINATION BECAUSE OF THE WHISTLEBLOWING COMPLAINT AGAINST MY EMPLOYERS IN THE UNITED STATES EASTERN DISTRICT COURT OF PENNSYLVANIA ON FEBRUARY 24TH 2025.
MY FALSE CLAIM ACT LITIGATION WAS ASSIGNED TO MY FORMER CHILDHOOD NEIGHBORS UNITED STATES DISTRICT COURT JUDGE JOHN MILTON YOUNGE. I IMMEDIATELY FILED A MOTION TO RECUSE JUDGE JOHN MILTON YOUNGE BECAUSE OF OUR CONTENTIOUS HISTORY, I EVEN STATED THAT WERE WE FORMER NEIGHBORS AND HIS DOG BITE ME ON MY LEG INSIDE OF HIS FAMILY HOME. I STATED THAT JUDGE JOHN MILTON YOUNGE HAS A PROBLEM WITH ACCEPTING THE TRUTH EVEN WHEN HIS PARENTS SPOKE IT, BECAUSE JUDGE JOHN MILTON YOUNGE SAID THAT I APPELLANT TIMOTHY BOOTH MUST HAVE DID SOMETHING TO HIS DOG TO SO THAT HIS DOG BITE ME.
UNITED STATES COURT JUDGE JOHN MILTON YOUNGE ISSUED A COURT ORDER REFUSING TO RECUSE HIMSELF FROM MY RETALIATORY WRONGFUL TERMINATION WHISTLEBLOWING LAWSUIT AND THEN DISMISSED THE FALSE CLAIM LAW WITH PREJUDICE, EVEN THOUGH I HAD STATED IN MY STATEMENT OF CLAIMS THAT I HAVE CONSTITUTIONAL PROTECTED RIGHTS AND THAT I HAVE PROTECTION FROM MY EMPLOYERS RETALIATION AGAINST ME BECAUSE OF THE WHISTLEBLOWING COMPLAINT THAT WAS LODGED AGAINST THEM. SO MUCH SO I QUOTED THE RECENT DECISION FROM THE UNITED STATE SUPREME COURT IN SARBANES OXLEY WHISTLEBLOWING PROTECTION ACT AND THE MURRAY V. SECURITIES LLC. 660 FEBRUARY 9TH 2024.

3. STATEMENT OF FACTS, INFORMAL BRIEF , FOR UNITED STATES DISTRICT COURT JUDGE JOHN MILTON YOUNGE DECISION OF REFUSING TO RECUSE HIMSELF FROM APPELLANT FALSE CLAIM ACT RETALIATORY WRONGFUL TERMINATION BECAUSE OF MY WHISTLEBLOWING COMPLAINT LAWSUIT AGAINST THE CITY OF PHILADELPHIA POLICE DEPARTMENT AND CAPTAIN SCOTT DRISSEL 25-CV-00984.

I PRO-SE APPELLANT TIMOTHY BOOTH WILL ADDRESSING THE REASON THAT JUDGE JOHN MILTON YOUNGE SAID THAT HE WAS NOT GOING TO RECUSE HIMSELF

1. ON PAGE NUMBER 4. SAID NO REASONABLE PERSON WOULD BELIEVE THAT I HARBOR ANY ILL TOWARDS PLAINTIFF ( TIMOTHY BOOTH)

I PREVIOUSLY FILED AN RACIAL AND RELIGIOUS DISCRIMINATION AND RETALIATION AGAINST LT ALLAN FOR RACIAL DISCRIMINATION AND SGT MCMENAMIN FOR RETALIATORY THREATS OF VIOLENCE AND CAPTAIN SCOTT DRISSEL FOR RELIGIOUS DISCRIMINATION 20-CV-01751.

THIS CIVIL RIGHTS VIOLATION CLAIM WAS ORIGINALLY ASSIGNED TO UNITED STATES COURT JUDGE DARNELL JONES SEE EXHIBIT # UNITED STATES DISTRICT COURT JUDGE DARNELL JONES DENIED THE DEFENDANTS MOTIO TO DISMISS AND ORDERED PLAINTIFF TO AMEND HIS COMPLAINT TO THE FORMAT THAT HE ORDERED.

I PRO-SE PLAINTIFF TIMOTHY BOOTH HAD TROUBLE
COMPLYING WITH JUDGE DARNELL JONES ORDERS SO I
EMPLOYED AN   LAWYER TO REPRESENT ME A MR. ABIONA .

THE DISCRIMINATION CLAIMS WERE SENT TO MEDIATION BY
JUDGE DARNELL JONES AND THE DEFENDANTS OFFERED TO
GIVE ME 90,000.00 TO DROP THE LAWSUIT DURING MEDIATION.
NOW LATER JUDGE DARNELL JONES RETIRED AND
UNBEKNOWNST TO ME MY LAWSUIT 20-CV-01751 WAS
REASSIGNED TO JUDGE JOHN MILTON YOUNGE MY FORMER
CHILDHOOD NEIGHBORS WHOM I HAD A CONTENTIOUS
HISTORY WITH DUE TO MY BEING BITTEN BY HIS DOG.

THE MEDIATION DIDN'T GO WELL AND I DECLINED     CITY
OFFER OF $ 90,000.00 TO SETTLE MY FEDERAL CIVIL RIGHTS
VIOLATION LAWSUIT. THE DEFENDANTS MOVED FOR SUMMARY
JUDGMENT AND MY FORMER NEIGHBOR JUDGE JOHN MILTON
YOUNGE GRANTED THE DEFENDANTS SUMMARY JUDGMENT ON
ALL OF THE FEDERAL COURT AND DISMISSED THE REMAINING
COUNTS WITHOUT PREJUDICE TO PLAINTIFF REFILLING IN THE
STATE COURT IF AT ALL.

I REFILED IN THE STATE COURT BUT I WAS NOW PRO-SE. THE
CITY LAWYER NICOLE MORRIS SAID THAT I HAD A FEDERAL
CIVIL RIGHTS CLAIM IN THE STATE COURT FILING AND IF I
DIDN'T REMOVE IT SHE WOULD HAVE MY STATE LAW CLAIM
TRANSFERRED BACK TO UNITED STATES COURT JUDGE JOHN
MILTON YOUNGE.

I OBJECTED TO THIS BUT IT WAS TRANSFERRED BACK TO UNITED
STATES COURT JUDGE JOHN MILTON, MY FORMER CHILDHOOD

④

NEIGHBOR THEN DISMISSED MY LAWSUIT AGAIN WITHOUT PREJUDICE TO ME REFILLING IN THE STATE COURT IF AT ALL.

I FILED AN APPEAL FOR THE DISMISSAL OF MY FEDERAL CIVIL RIGHTS DISCRIMATION IN THE THIRD CIRCUIT COURT OF APPEALS.

THE   APPEAL COURT RULED THAT SINCE I DIDN'T BRING UP THE ISSUES OF JUDGE JOHN MILTON YOUNGE RECUSING HIMSELF IN THE DISTRICT COURT THEN THEY WOULD NOT ENTERTAIN THAT ARGUMENT ON APPEAL.

I THEN I FILED THIS FALSE CLAIM ACT RETALIATORY WRONGFUL TERMINATION BECAUSE OF MY WHISTLEBLOWING COMPLAINT 19-98-090023 AGAINST THE CITY OF PHILADELPHIA POLICE DEPARTMENT.

I QUOTED THAT MY WHISTLEBLOWING ACTIVITY WERE PROTECTED AND AS IN SARBANES OXLEY ACT AND MURRAY V USB SECURITIES, I DIDN'T HAVE TO SHOW THE EMPLOYER INTENTIONS. I LEFT NOTHING TO CHANCE SO I DETAILED MY CLAIM AND SUBMITTED EVIDENCE. FROM THE FILING OF THE WHISTLEBLOWING COMPLAINT TO THE FALSE REPORT BY CAPTAIN DRISSEL SAYING THAT HE CONDUCTED THE INVESTIGATION IN MAY OF 2019 AFTER INTERNAL AFFAIRS SENT IT TO HIM.

I SUBMITTED EVIDENCE THAT INTERNAL DIDN'T SEND THE WHISTLEBLOWING COMPLAINT AGAINST HIM AND HIS SUBORDINATE TO INVESTIGATE UNTIL SEPTEMBER 2019.



I ALSO SUBMITTED EVIDENCE THAT CLEARLY SHOWS THAT CAPTAIN DRISSEL LIED REPEATEDLY ABOUT CONDUCTING ANOTHER INVESTIGATION AND THAT ENDED WITH HIM SAYING THAT I SHOULD BE TERMINATED FROM EMPLOYMENT WITH THE POLICE DEPARTMENT.

I SUBMITTED 4 SEPARATE FRAUDULENT INVESTIGATION DONE BY CAPTAIN DRISSEL IN RETALIATION FOR THE WHISTLEBLOWING COMPLAINT AGAINST HIM AND HIS SUBORDINATE

9-18-2019 THEN AGAIN ON 12-24-2020 THEN AGAIN ON MAY OF 2021. EACH ONE SAYING THAT CAPTAIN DRISSEL CONDUCTED THE INVESTIGATION AND THEN HAD CHARGES FILED AGAINST TIMOTHY BOOTH FOR CONDUCT UNBECOMING A POLICE OFFICER , WITH THE RECOMMENDATIONS THAT TIMOTHY BOOTH BE TERMINATED FROM EMPLOYMENT WITH THE CITY OF PHILADELPHIA POLICE DEPARTMENT. I SUBMITTED OVERWHELMING EVIDENCE THAT INTERNAL AFFAIRS SAID THAT THEY WERE STILL ACTIVELY CONDUCTING THE INVESTIGATION ON COMPLAINT 19-98-09005, TO WHICH CAPTAIN DRISSEL SAID THAT HE CONDUCTED AND TRIED TO GET ME FIRED.

I SUBMITTED EVIDENCE FROM THE POLICE ADVISORY COMMITTEE MR DANIEL GUY AND I SUBMITTED EVIDENCE FROM THE PHILADELPHIA DISTRICT ATTORNEY OFFICE BRIAN COLLINS THESE GOVERNMENTAL AGENCIES BOTH SAID THAT INTERNAL AFFAIRS WAS STILL ACTIVELY INVESTIGATING THE COMPLAINT THAT 12TH DISTRICT CAPTAIN DRISSEL SAID HE CONDUCTED AND THE HAD FRAUDULENT RETALIATORY



CHARGES FILED AGAINST ME, STATING THAT CIVILIAN
EMPLOYEE TIMOTHY BOOTH SHOULD BE TERMINATED FROM
EMPLOYMENT.

THESE ARE COMPONENT OF ACTUAL MALICE TO INFLICT
RETALIATORY PUNISHMENT BECAUSE OF THE
WHISTLEBLOWING COMPLAINT 19-98-090023 THAT WAS
LODGED AGAINST HIM AND HIS SUBORDINATE. DIFIORE V. CSL
BEHRING, LLC 879 F 3D 125 ( 3D CIR 2018) THE 3RD CIRCUIT
COURT OF APPEALS REVERSED THE LOWER COURT DISSMAL OF
A FALSE CLAIM ACT WHISTLEBLOWER RETALIATION LAWSUIT.

THE COURT RULED THAT THE DISTRICT COURT ERRED IN
FINDING THAT PLAINTIFF FAILED TO DEMONSTRATES A CAUSAL
CONNECTION BETWEEN HER WHISTLEBLOWING ACTIVITIES
AND HER CONSTRUCTIVE DISCHARGE. WHICH INVOLVED
ADVERSE EMPLOYMENT ACTION, WHICH RULED THAT THE BUT
FOR CAUSATION STANDARD APPLIES TO RETALIATION CLAIM
UNDER THE FALSE CLAIM ACT.

I SUBMITTED THE PHILADELPHIA POLICE DEPARTMENT
DIRECTIVE THAT NO CONFISCATED PROPERTY CAN BE STORED
AT THE 12TH FOR LONGER THAH 8 HOURS, CUPABLE WITH
CAPTAIN DRISSEL FRAUDULENT INVESTIGATION ON MY
WHISTLEBLOWING COMPLAINT 19-98-090023, CLAIMING THAT
HE WANTED TO STORE THE CONFISCATED LIQUOR AND BEER
INSIDE OF THE 12TH DISTRICT BASEMENT CUSTODIAL
EQUIPMENT ROOM.

I SUBMITTED THE CITY OF PHILADELPHIA MAYOR KENNEY
EXECUTIVE ORDER 5-17 SEC TWO THAT PROHIBITED A CAPTAIN



FROM CONDUCTING ANY INVESTIGATION ON COMPLAINT THAT
LODGED AGAINST A OFFICER UNDER HIS COMMAND AND THAT
NO COMMANDING OFFICER CAN CONDUCT AN INVESTIGATION
THAT'S LODGED AGAINST THEM.

RE: CANADA V GROSSI, NO. 20-2747 ( 3D CIR. SEPTEMBER 15,
2022) THE 3RD CIRCUIT COURT OF APPEALS REVERSED THE
DISTRICT COURT JUDGE DISMISSAL, FINDING THAT A JURY
COULD POTENTIALLY INFER THAT THE SUPERVISOR USED
FRAUDULENT INVESTIGATION TO ULTIMATELY GET HIM
TERMINATED IN RETALIATION FOR HIS WHISTLEBLOWING
ACTIVITY.

I HAD SUBMITTED EVIDENCE FROM THE CITY PERSONNEL
PATRICIA SULLIVAN SAYING THAT MY LEAVE OF ABSENCE WAS
APPROVED ON OCTOBER 11TH 2023 AND I WAS TO RETURN BACK
TO WORK ON JANUARY 11TH 2024.

I SUBMITTED A VOICE MAIL FROM PATRICIA SULLIVAN ASKING
ME IF I WAS STILL PRESUING MY COMPLAINT AGAINST THE CITY
OF PHILADELPHIA POLICE DEPARTMENT AND TELLING ME THAT
THEY WOULD HAVE THE 17TH DISTRICT POLICE CAPTAIN TO
TERMINATED IF I DON'T TELL HER ABOUT MY LEGAL ACTIVITIES.

STAUB V. PROCTOR HOSPITAL 562 U.S 411 (2011) THE CATS PAW
THEORY WAS USED TO REVERSE THE DISTRICT COURT DISSMAL
OF A RETALIATORY WRONGFUL TERMINATION CLAIM BECAUSE
OF WHISTLEBLOWING ACTIVITIES, THE CATS PAW THEORY, THE
DECISION WAS INFLUENCED BY A BIAS SUBORDINATES
RETALIATORY MOTIVATION



I SUBMITTED THE RETALIATION WRONGFUL TERMINATION LETTER DATED NOVEMBER 28TH 2023 FROM THE CITY OF PHILADELPHIA POLICE DEPARTMENT, CLAIMING THAT I HAD FAILED TO RETURN BACK TO WORK FROM MY LEAVE OF ABSENCE.

NOW HOW COULD I BE TERMINATED FROM EMPLOYMENT ON NOVEMBER 28TH 2023 WHEN MY LEAVE OF ABSENCE WAS APPROVED UNTIL JANUARY 11TH 2024 AND MY REGULATION 32.12 CIVIL SERVICE APPEAL WAS STILL ACTIVELY PENDING IN THE COMMON PLEAS COURT OF PHILADELPHIA PENNSYLVANIA. CARVALHO- GREVIOUS V. DELAWARE STATE UNIVERSITY NO. 15-3521, 2017 BL. 87499 ( 3D CIR MARCH 21, 2017) A PLAINTIFF ALLEGING RETALIATION UNDER TITLE VII OR SECTION 1981 ONLY NEEDS TO PRODUCE ENOUGH EVIDENCE TO RAISE AN INFERENCE THAT THE PROTECTED ACTIVITY WAS LIKELY THE REASON FOR THE ADVERSE EMPLOYMENT ACTION.

I STATED AN PRIMA FACIE FALSE CLAIM ACT FOR RETALIATION WRONGFUL TERMINATION BECAUSE OF MY WHISTLEBLOWING COMPLAINT LAWSUIT .

My FALSE CLAIM ACT RETALIATION LAWSUIT WAS ASSIGNED TO UNITED STATES COURT JUDGE JOHN MILTON YOUNGE.

I IMMEDIATELY FILED A MOTION TO RECUSE JUDGE JOHN MILTON YOUNGE AND HE REFUSED TO RECUSE HIMSELF AND THEN DISMISSED THE FALSE CLAIM ACT RETALIATION WRONGFUL TERMINATION BECAUSE OF MY WHISTLEBLOWING COMPLAINT, WITH PREJUDICE. BOYLE V. MILTON, THE SIXTH CIRCUIT COURT OF APPEALS HELD THAT A DISTRICT COURT



JUDGE SHOULD HAVE RECUSED HIMSELF FROM A HABEAS CORPUS PROCEEDING BECAUSE OF PRIOR CONTENTIOUS RELATIONSHIP WITH WITH THE PETITIONER FAMILY. A REASONABLE OBSERVER WOULD QUESTION HIS IMPARTIALITY GIVEN THIS PRIOR HISTORY OF ONE MARKED BY CONFLICT.

RE: MURCHISON, 349 U.S. 133 ,136 ( 1955) BIAS IS EASY TO ATTRIBUTE TO OTHERS AND DIFFICULT TO DISCERN IN ONESELF

NOW I SAY ANY REASONABLE PERSON WOULD QUESTION JUDGE JOHN MILTON YOUNGE PARTIALITY BECAUSE HE HAS A HABIT OF DISMISSING HIS FORMER CHILDHOOD NEIGHBORS LITIGATION.

THE 1ST TIME TIMOTHY BOOTH WAS OFFERED  NINETY THOUSAND DOLLARS BY THE DEFENDANTS AND JUDGE YOUNGE DISMISSED ALL OF THE FEDERAL CIVIL RIGHTS CLAIMS AGAINST THE DEFENDANTS THAT HAD JUST OFFERED TIMOTHY BOOTH 90,000.00 TO DROP THE CIVIL RIGHTS VIOLATION CLAIM.

THE 2ND TIME WAS AFTER THE DEFENDANTS HAD TIMOTHY BOOTH REFILED STATE LAW CLAIM TRANSFERRED BACK TO UNITED STATES COURT JUDGE JOHN MILTON YOUNGE,  AND HE WITHOUT HESITATION DISMISSED THE  CLAIM AGAIN.

THE 3RD TIME JUDGE JOHN MILTON YOUNGE REFUSED TO RECUSE HIMSELF AFTER TIMOTHY BOOTH FILED A MOTION TO RECUSE JUDGE JOHN MILTON YOUNGE BECAUSE OF OUR CONTENTIOUS HISTORY AS CHILDHOOD NEIGHBORS.

JUDGE JOHN MILTON YOUNGE THEN REFUSED TO RECUSE HIMSELF AND THEN DISMISSED TIMOTHY BOOTH FALSE CLAIM



ACT LITIGATION RETALIATORY WRONGFUL TERMINATION
BECAUSE OF THE WHISTLEBLOWING COMPLAINT, WITH
PREJUDICE TO TIMOTHY BOOTH HIS FORMER CHILDHOOD
NEIGHBORS EVER BEING ABLE TO REFILE IN ANY COURT.

NOW A REASONABLE PERSON WOULD SAY THAT JUDGE JOHN
MILTON YOUNGE HAS SOME KIND OF BIAS AND PREJUDICE
TOWARDS TIMOTHY BOOTH.

SUPREME COURT DETERMINED THAT A FEDERAL JUDGE 'S
RECUSAL OBLIGATIONS UNDER 28 U.S.C € 455 IS NOT LIMITED
TO EXTRAJUDICIAL SOURCE DOCTRINE ( A PREVIOUS
RELATIONSHIP WITH A PARTY MEMBER) THEY MUST RECUSE
THEMSELVES IF THEIR IMPARTIALITY COULD BE REASONABLE BE
QUESTIONED: IE CAPERTON V. A.T. MASSEY COAL CO.( 2009)
UNDER STATUE 28.U.S.C. € 455 OUTLINE THE GROUNDS FOR
DISQUALIFICATION.

In LITEKY V. UNITED STATES (1994) THE UNITED STATES
SUPREME COURT FURTHER CLARIFIES THE STANDARD FOR
RECUSIAL

RE SCHOOL ASBESTOS , 977 F.2D 764 ( 3D CIR. 1992)
DISQUALIFICATION IS REQUIRED BASED ON THE APPEARANCE
OF PARTIALITY UNDER 28.U.S.C € 455(a).

Williams v Pennsylvania 579 U.S. (2016) refusal to recuse himself
create a impermissible risk of actual bias, Due process
concerns under the Fourteenth Amendment

UNITED STATES v. Grinnell Corp., 384 U.S. 563, 583 applies to
455(a) it was developed under 144, which requires



Disqualification for personal bias and prejudice. This phrase is repeated as recusal grounds in 455(b)(1) and 455(a) addressing the appearance of partiality, also covers bias and prejudice.

Then there's ward v. City of monroeville 409 U.S. 57,61-62 (1972) article 29 of the Massachusetts declaration of rights, It's the right of every citizen to be tried by a judge as free , impartial and independent as humanity will admit. The goal is to ensure not only that trial judges is personal impartial but also the proceedings are perceived by the public as such. There are 5 specific circumstances in which partiality may be presumed and recusal is required , THESE INCLUDE WHERE THE JUDGE HAS PERSONAL BIAS OR PREJUDICE AGAINST A PARTY, PERSONAL KNOWLEDGE OF DISPUTED FACTS IN THE CASE, ETC.

UNITED STATES EASTERN DISTRICT COURT JUDGE MILTON YOUNGE, ONCE WAS A PHILADELPHIA COMMON PLEAS COURT JUDGE.

DURING THIS TIME ON THE COMMON PLEAS COURT OF PHILADELPHIA PENNSYLVANIA BENCH , JUDGE MILTON YOUNGE WAS THE APPOINTED JUDGE FOR WADE BOOTH V INGLIS HOUSE CORP PREMISE LIABILITY CLAIM .

THE COMMON PLEAS COURT DOCKET NUMBER WAS 180902162.

IN FEBRUARY , 2019 COMMON PLEAS COURT JUDGE MILTON YOUNGE WAS ADJUDICATING A MOTION TO COMPEL DISCOVERY IN THE PREMISE LIABILITY CLAIM OF WADE BOOTH V. INGLIS HOUSE CORP.



DURING THIS MOTION TO COMPEL DISCOVERY HEARING JUDGE MILTON YOUNGE STOOD UP AND SAID AFTER SEEING THE PLAINTIFF WADE BOOTH AND HIS POWER OF ATTORNEY COLLEN GARDNER ALONG WITH HIS BROTHER TIMOTHY BOOTH.

COMMON PLEAS COURT JUDGE MILTON YOUNGE DECLARED , " I'M GOING TO RECUSE MYSELF FROM THIS CLAIM BECAUSE THESE PEOPLE WERE MY FORMER CHILDHOOD NEIGHBORS.

NOW SINCE JUDGE JOHN MILTON YOUNGE RECUSED HIMSELF FROM TIMOTHY BOOTH BROTHERS WADE BOOTH STATE LAW PREMISE LIABILITY LAWSUIT 18 0902162 BECAUSE OF THE APPEARANCE OF PARTIALITY FOR BEING FORMER CHILDHOOD NEIGHBORS.

THIS COURT MUST ASK WHY WOULDN'T JUDGE JOHN MILTON YOUNGE REFUSE TO RECUSE HIMSELF FROM APPELLANT RETALIATORY WRONGFUL TERMINATION WHISTLEBLOWING LAWSUIT.

UNITED STATES V. ANDREWS, 77 M.J THE STARE DECISIS IS DEFINED AS THE DOCTRINE OF PRECEDENT UNDER WHICH A COURT MUST FOLLOW EARLIER JUDICIAL DECISION WHEN THE SAME POINT ARISES AGAIN IN LITIGATION

ON MARCH 1ST 2019 THE PREMISE LIABILITY CLAIM OF WADE BOOTH V. INGLIS HOUSE CORP, WAS REASSIGNED TO COMMON PLEAS COURT JUDGE LINDA CARPENTER AFTER COMMON PLEAS COURT JUDGE MILTON YOUNGE HAD RECUSED HIM FROM THE PROCEEDING.



WHEN JUDGE MILTON YOUNGE RECUSED HIMSELF FROM WADE
BOOTH V. INGLIS HOUSE CORP, 18 0902162  PREMISE LIABILITY
CLAIM IN THE COMMON PLEAS COURT OF PHILADELPHIA
PENNSYLVANIA.  JUDGE MILTON YOUNGE SAID IN COURT THAT
HE ( JUDGE MILTON YOUNGE) AND WADE BOOTH WERE FORMER
NEIGHBORS,  THIS SET A PRECEDENT BY JUDGE MILTON
YOUNGE FOR RECUSING HIMSELF FROM ADJUDICATING  HIS
FORMER NEIGHBORS LEGAL PROCEEDINGS ; THEN AND NOW.
UNITED STATES V. FALCON 65 M.J 386 THE DOCTRINE OF STARE
DECISIS PLAYS AN IMPORTANT ROLE IN THE APPELLATE COURT
DECISION MAKING , BECAUSE APPLYING THE STARE DECISIS IS
A PREFERRED COURSE THAT PROMOTES THE EVEN HANDED ,
PREDICTABLE AND CONSISTENT DEVELOPMENT OF LEGAL
PRINCIPLE OF PERCEIVED INTEGRITY OF THE JUDICIAL
PROCESS.

 THE LEGAL PRINCIPLE OF STARE DECISIS MUST BE APPLIED BY
THIS THIRD CIRCUIT COURT OF APPEALS. RE: UNITED STATES V.
TOVARCHAVEZ 78 M.J 458 HORIZONTAL STARE DECISIS
REQUIRES AN APPELLATE COURT TO ADHERE TO IT OWN PRIOR
DECISION

I TIMOTHY BOOTH LIVED IN THE SAME HOUSE AS MY BROTHER
WADE BOOTH,  THUS UNITED STATES EASTERN DISTRICT COURT
JUDGE MILTON YOUNGE SHOULD HAVE ALSO RECUSED
HIMSELF FROM MY CIVIL RIGHTS VIOLATION CLAIM OF
RETALIATORY WRONGFUL TERMINATION AGAINST THE CITY OF
PHILADELPHIA POLICE DEPARTMENT BECAUSE OF MY
WHISTLEBLOWING COMPLAINT ; JUST AS HE HAD RECUSED
HIMSELF FROM MY BROTHER WADE BOOTH V. INGLIS HOUSE

CORP. PREMISE LIABILITY CLAIM BECAUSE I WAS ALSO FORMER NEIGHBORS OF HIS BUT WE HAD A PROBLEMATIC AND CONTENTIOUS HISTORY AS YOUNG ADULTS.

WHY WOULD UNITED STATES DISTRICT COURT JUDGE MILTON YOUNGE RECUSE HIMSELF WHEN HE WAS A COMMON PLEAS COURT JUDGE FROM HIS FORMER NEIGHBOR WADE BOOTH PREMISE LIABILITY CLAIM BECAUSE THEY WERE FORMER CHILDHOOD NEIGHBORS AND THEN AFTER HE WAS APPOINTED TO THE FEDERAL COURTS SPECIFICALLY THE UNITED STATES EASTERN DISTRICT COURT OF PENNSYLVANIA. JUDGE JOHN MILTON YOUNGE REFUSE TO RECUSE HIMSELF FROM HIS OTHER FORMER NEIGHBORS TIMOTHY BOOTH CIVIL RIGHTS VIOLATION FALSE CLAIM RETALIATORY WRONGFUL TERMINATION BECAUSE OF THE WHISTLEBLOWING COMPLAINT 19-98-090023 FILED AGAINST HIS EMPLOYERS.

I TIMOTHY BOOTH FILED A MOTION TO DISQUALIFY JUDGE MILTON YOUNGE FROM THE CIVIL RIGHT VIOLATION RETALIATORY WRONGFUL TERMINATION LAWSUIT AGAINST THE CITY OF PHILADELPHIA POLICE DEPARTMENT AND I EVEN STATED THAT WHEN WE WERE FORMER NEIGHBORS JUDGE MILTON YOUNGE CHILDHOOD DOG NAMED COCCO HAD BITTEN ON MY LEG AFTER I HAD HELPED HIS FATHER CARRIED THE GROCERIES BAGS IN TO JUDGE YOUNGE HOUSE.

I EXPRESS MY CONCERN OVER JUDGE MILTON YOUNGE IMPARTIALITY BECAUSE JUDGE MILTON YOUNGE HAS PROBLEMS WITH ACCEPTING THE TRUTH EVEN WHEN EVIDENCE IS PRESENTED TO HIM.

(15)

HIS PARENTS CONFIRMED THAT THE DOG RAN ONTO THE FRONT INCLOSED PORCH AND BITE ME WHILE I WAS STILL HOLDING THEIR GROCERIES BAGS IN BOTH OF MY HANDS , BUT JUDGE MILTON YOUNGE RESPONSE WAS THAT I MUST HAVE DID SOMETHING FOR HIS DOG TO HAVE BITTEN ME.

JUDGE MILTON YOUNGE PREJUDICE AND IMPARTIALITY IS CLEAR BECAUSE JUDGE YOUNGE REFUSED TO RECUSE HIMSELF FROM ANY OF MINE CIVIL RIGHTS VIOLATION CLAIM AGAINST THE CITY OF PHILADELPHIA POLICE OFFICER AND DEPARTMENT, ESPECIALLY THE FALSE CLAIM ACT FOR RETALIATORY WRONGFUL TERMINATION BECAUSE OF MY WHISTLEBLOWING COMPLAINT 19-98-090023.

THEN PROCEEDED TO ADVOCATE AND REPRESENT THE CITY OF PHILADELPHIA POLICE DEPARTMENT AGAINST PLAINTIFF TIMOTHY BOOTH RETALIATORY WRONGFUL TERMINATION BECAUSE OF THE WHISTLEBLOWING COMPLAINT 19-98-090023 THAT WAS LODGED AGAINST 12TH DISTRICT CAPTAIN DRISSEL AND HIS 12TH DISTRICT TWO SQUAD SUBORDINATES FOR STEALING AND DRINKING THE CONFISCATED BEER AND LIQUOR. RE: WIEST V LYNCH 710 F 3D ( 3RD CIRCUIT COURT 2013) THE EMPLOYEE ARE PROTECTED AS THEY HAD REASONABLE BELIEF THAT EMPLOYER / SUPERVISOR ACTED FRAUDULENTLY AND WERE PUNISHED FOR RAISING A SOX ISSUES ( SARBANES OXLEY WHISTLEBLOWING PROTECTION ACT) THE COURT OF APPEALS SAID THAT A JUDGE MAY NOT DISMISS SUCH A CLAIM.



I PRO-SE APPELLANT TIMOTHY BOOTH ASK THIS COURT IS
THERE A LEGAL DIFFERENCE BETWEEN A EMPLOYEE RELIGIOUS
AND RACIAL DISCRIMINATION CLAIM, AND A FALSE CLAIM ACT
OF RETALIATORY WRONGFUL TERMINATION BECAUSE OF THE
WHISTLEBLOWING COMPLAINT AGAINST THE EMPLOYERS.

STATES COURT EASTERN DISTRICT COURT JUDGE MILTON
YOUNGE ACTIONS WERE ARBITRARY AND CARICIOUS. THERE
WAS ABSOLUTELY NO IMPARTIALITY IN JUDGE MILTON YOUNGE
DISMISSING HIS FORMER NEIGHBORS CIVIL RIGHTS
RETALIATORY WRONGFUL TERMINATION BECAUSE OF THE
WHISTLEBLOWING COMPLAINT.

JUDGE JOHN MILTON YOUNGE SAYS THAT THE PERIOD OF OVER
40 YEARS IS SUFFICIENT TO SAY THAT HE WAS NOT GOING TO
RECUSE HIMSELF BECAUSE THERE COULD NOT BE ANY ILL WILL
TOWARDS PLAINTIFF TIMOTHY BOOTH, THE COURT IN
WILLIAMS V PENNSYLVANIA 579 U.S 868 ( 2016) THE USSC
VACATED THE JUDGE DECISION, HOLDING THAT JUDGE CASTILE
REFUSAL TO RECUSE HIMSELF CREATES A IMPERMISSIBLE RISK
OF ACTUAL BIAS. THREE DECADES HAD PASSED AND TIME IS
IRRELEVANT AND NOT IMPORTANT UNDER THE DUE PROCESS
GUARANTEE OF AN ABSENCE OF ACTUAL BIAS ON PART OF THE
JUDGE.

THUS JUDGE JOHN MILTON YOUNGE ARGUMENT OF TIME IS A
FACTURE IN RELATION TO HIS DOG BITTING ME AND HIS CLAIM
THAT I MUST HAVE DONE SOMETHING TO HIS DOG TO MAKE IT
BITE ME. AS I STATED JUDGE JOHN MILTON YOUNGE HAS A



HISTORY OF ACCEPTING THE TRUTH EVEN WHEN HIS OWN
FAMILY TOLD HIM THAT I DIDN'T DO ANY TO MAKE HIS DOG BITE
ME ON MY LEG.

SEE EXHIBIT A SWORN AFFIDAVIT THAT RECOUNT THE DOG BITE
INCIDENT AND MY RELATION TO JUDGE JOHN MILTON YOUNGE
AFTERWARD.

JUDGE JOHN MILTON YOUNGE SAID IN HIS REFUSAL TO RECUSE
HIMSELF THAT I DIDN'T FILE A LAWSUIT AGAINST HIM OR HIS
FAMILY.

THE SWORN AFFIDAVIT CLARIFIES THAT I WAS A MINOR AND
MINORS CAN NOT FILE ANY LAWSUIT.

THIS COURT MUST DETERMINED WHY JUDGE JOHN MILTON
YOUNGE DIDN'T RECUSE HIMSELF FROM APPELLANT TIMOTHY
BOOTH FALSE CLAIM RETALIATORY WRONGFUL TERMINATION
LAWSUIT, JUST AS HE HAD RECUSED HIMSELF FROM WADE
BOOTH V INGLIS HOUSE PREMISE LIABILITY LAWSUIT BECAUSE
HE AND WADE WERE FORMER CHILDHOOD NEIGHBORS AND
HE DIDN'T WANT THE APPEARANCE OF PARTIALITY TO BE UPON
HIM IN MAKING LEGAL DECISIONS EITHER FOR WADE BOOTH
OR AGAINST WADE BOOTH, TO WHICH THE INGLIS HOUSE
ATTORNEY JEFFERY MCDONNELL WOULD HAVE HAD GROUNDS
FOR APPEAL.

BEING CORDIAL TOWARD JUDGE JOHN MILTON YOUNGE
PARENT HAS NOTHING TO DO WITH OUR CONTENTIOUS
HISTORY. THEREFORE THE EXTRAJUDICIAL SOURCE DOCTRINE
APPLIES TO RECUSAL MOTIONS FILED UNDER THE GENUINE
HOPE OF HAVING A FAIR AND IMPARTIAL ADJUDICATION OF THE



FALSE CLAIM ACT RETALIATION LAWSUIT BECAUSE OF THE WHISTLEBLOWING COMPLAINT.

JUDGE JOHN MILTON YUNGE DIDN'T ACT UPON ANY DEFENDANT ATTORNEY MOTION TO DISMISS BECAUSE THE DEFENDANTS HAD NOT AND DID NOT GIVE ANY ANSWER IN DEFENSE OR OPPOSITION TO PLAINTIFF RETALIATORY WRONGFUL TERMINATION BECAUSE OF THE WHISTLEBLOWING COMPLAINT 19-98-090023 THAT WAS LODGED AGAINST THE DEFENDANTS .

PERHAPS THE DEFENDANTS WOULD HAVE DEFAULTED OR PERHAPS THEY MIGHT HAVE SOUGHT ARBITRATION OR MEDIATION BUT JUDGE MILTON YOUNGE TOOK IT UPON HIMSELF TO ADVOCATE FOR THE DEFENDANTS, CITY OF PHILADELPHIA POLICE DEPARTMENT AGAINST HIS FORMER NEIGHBORS FALSE CLAIM ACT RETALIATORY WRONGFUL TERMINATION BECAUSE OF HIS WHISTLEBLOWING COMPLAINT 19-98-090023 AGAINST THE DEFENDANTS. RE: HOMELAND SECURITY V. MACLEAN 574 U.S 383 (2015) THE USSC REVERSED THE DISTRICT COURT JUDGE DECISION TO DISMISS A GOVERNMENT EMPLOYEE WHISTLEBLOWER RETALIATION LAWSUIT WITH PREJUDICE. THE COURT HELD THAT THE WHISTLEBLOWING PROTECTION ACT IS APPLICABLE TO RETALIATION LAWSUIT.

IN WILSON V. DUPONT DE NEMOURS & CO. 710 FED.APPX.57 ( 3D CIR JANUARY 31, 2018) THE PLAINTIFF ACTIONS QUALIFIED AS PROTECTED WHISTLEBLOWING ACTIVITY UNDER THE FEDERAL LAW, THE 3RD CIRCUIT COURT OF APPEALS REVERSED



THE DISTRICT COURT DECISION TO DISMISS PLAINTIFF LAWSUIT WITH PREJUDICE.

THE UNITED STATES SUPREME COURT RULED IN 2024 REGARDING MURRAY V USB SECURITIES LLC THAT WHISTLEBLOWING EMPLOYEE ARE UNDER PROTECTION IN THE SARBANES-OXLEY ACT AND THE EMPLOYEE DOESN'T HAVE TO SHOW THE EMPLOYER RETALIATORY INTENTIONS TO ESTABLISH PROTECTION, THE EMPLOYEE ONLY HAVE TO SHOW THAT THEIR PROTECTED ACTIVITY'S WERE THE CONTRIBUTING FACTOR IN THE ADVERSE EMPLOYMENT DECISION BY THE EMPLOYER.

THIS WAS DONE IN PLAINTIFF TIMOTHY BOOTH STATEMENT OF CLAIM WITH GENUINE MATERIAL OF FACTS AND ACTUAL COMPONENTS OF RETALIATORY ACTIONS. TO WHICH THE DEFENDANTS DID NOT GIVE ANY ANSWER IN OPPOSITION OR DEFENSE.

I PLAINTIFF TIMOTHY BOOTH WAS SUBJECTED TO RETALIATORY WRONGFUL TERMINATION BECAUSE OF MY WHISTLEBLOWING COMPLAINT 19-98-090023 AGAINST CAPTAIN SCOTT DRISSEL AND HIS 12TH DISTRICT TWO SQUAD BIKE SUBORDINATE FOR STEALING AND DRINKING THE CONFISCATED BEER AND LIQUOR ON DUTY.

RE: UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER V NASSAR 570, U.S. 338( 2013) THE SUPREME COURT RELIED ON THE BUT FOR CAUSATION PRINCIPLE IN WHISTLEBLOWING RETALIATION LAWSUIT UNDER TITLE VII OF 1964.



AND ASCOLESE V SOUTHERN PENNSYLVANIA TRANSPORTATION
AUTHORITY ( SEPTA) IN 2022 THE 3RD CIRCUIT COURT OF
APPEALS REVERSED THE DISTRICT COURT DISSMAL OF
EMPLOYEE FALSE CLAIM ACT RETALIATION LAWSUIT THE COURT
OF APPEALS HELD THAT THE AMENDED ANTI- RETALIATION
PROVISION PROTECTS OTHER EFFORTS TO STOP FALSE CLAIM
ACT VIOLATION.     JUDGE MILTON YOUNGE ACTUALLY
ADVOCATED FOR THE DEFENDANTS BECAUSE THE CITY OF
PHILADELPHIA DEPARTMENT ATTORNEY JILL OSBORNE DID NOT
FILE ANY ANSWER TO PLAINTIFF TIMOTHY BOOTH RETALIATORY
WRONGFUL TERMINATION LAWSUIT BECAUSE OF HIS
WHISTLEBLOWING COMPLAINT 19-98-090023

THE CITY OF PHILADELPHIA POLICE DEPARTMENT ATTORNEY
DID NOT FILE ANY ANSWER IN DEFENSE FOR UNITED STATES
DISTRICT COURT JUDGE MILTON YOUNGE TO HAVE HAD BASED
HIS LEGAL DECISION UPON. THEREFORE THE DISMISSAL BY
JUDGE MILTON YOUNGE WAS ERRED AND ARBITRARY AND
CAPRICIOUS.

THE WAS ABSOLUTELY NO IMPARTIALITY IN JUDGE YOUNGE
DECISION TO DISMISS HIS FORMER NEIGHBORS RETALIATORY
WRONGFUL TERMINATION LAWSUIT,  AFTER THE FORMER
NEIGHBORS MOTIONED FOR JUDGE MILTON YOUNGE TO
RECUSE HIMSELF.


THE PHILADELPHIA CITY SOLICITOR JILL OSBORNE WHOM
REPRESENT THE CITY OF PHILADELPHIA POLICE DEPARTMENT
AND IS LISTED ON THE EEOC  RIGHT TO SUE LETTER AS



ATTORNEY OF RECORD. JUDGE JOHN MILTON YOUNGE
ADVOCATING FOR THE CITY OF PHILADELPHIA POLICE
DEPARTMENT

JUDGE MILTON YOUNGE DECIDED TO REPRESENT THE CITY OF
PHILADELPHIA POLICE DEPARTMENT AFTER HE REFUSED TO
RECUSE HIMSELF AND THEN IN ERROR DISMISSED PLAINTIFF
TIMOTHY BOOTH RETALIATORY WRONGFUL TERMINATION
LAWSUIT EVEN THOUGH THERE WERE STATED COMPONENTS
OF ACTUAL RETALIATORY MALICE AND GENUINE MATERIAL
FACTS THAT WOULD HAVE PREVENT ANY OTHER IMPARTIAL
AND UNBIASED JUDGE FROM DISSMAL OF THE RETALIATORY
WRONGFUL TERMINATION LAWSUIT.

JUDGMENT ON PLEADING CAN NOT BE ENTERED WHEN THERE
ARE GENUINE MATERIAL FACTS IN DISPUTE WITH OUT HOLD A
EVIDENTIARY HEARING.

JUDGE MILTON YOUNGE SAID WHEN HE GRANTED SUMMARY
JUDGMENT IN A UNRELATED PREVIOUS COURT ORDER FOR
PLAINTIFF TIMOTHY BOOTH RELIGIOUS DISCRIMINATION AND
RACICAL DISCRIMINATION CLAIM 20-CV-01751 AGAINST
DEFENDANT LIEUTENANT TAMIKA ALLEN AND DEFENDANT SGT
BRIAN MCMENAMIN AND DEFENDANT CAPTAIN SCOTT DRISSEL.

THIS COURT MUST ACKNOWLEDGE THAT THE PREVIOUS
RACICAL DISCRIMINATION AND RELIGIOUS DISCRIMINATION
LAWSUIT IS ABSOLUTELY DIFFERENT THAN THIS FALSE CLAIM
ACT OF RETALIATORY WRONGFUL TERMINATION BECAUSE OF
THE WHISTLEBLOWING COMPLAINT 19-98-090023 LAWSUIT



JUDGE YOUNGE SAID IN GRANTING SUMMARY JUDGMENT IN 20-CV-01751 PLAINTIFF TIMOTHY BOOTH DIDN'T SUFFER ANY DISCERNIBLE EMPLOYMENT ACTION.

I ASK THIS COURT OF APPEALS IS RETALIATORY WRONGFUL TERMINATION BECAUSE OF HIS WHISTLEBLOWING COMPLAINT 19-98-090023 IS A DISCERNIBLE ACTION THAT IS UNRELATED TO THE RACICAL AND RELIGIOUS DISCRIMINATION CLAIM 20-CV-01751 THAT JUDGE YOUNGE GRANTED SUMMARY JUDGMENT TO THE DEFENDANTS.

JUDGE YOUNGE SAID IN 20-CV-01751 PREVIOUS RACICAL DISCRIMINATION AND RELIGIOUS DISCRIMINATION THAT PLAINTIFF EMPLOYMENT WAS NOT UNCHANGED BY THE DEFENDANTS ACTIONS AND PLAINTIFF DIDN'T SUFFER ANY ECONOMIC HARM BECAUSE OF THESE DEFENDANTS ACTION.

(SEE EXHIBIT MARKED # 2 JUDGE MILTON YOUNGE REASON FOR GRANTING SUMMARY JUDGMENT IN THE DISCRIMINATION LAWSUIT 20-CV-01751)

I PLAINTIFF TIMOTHY BOOTH HAD FILED THIS UNRELATED CIVIL RIGHTS VIOLATION RETALIATORY WRONGFUL TERMINATION BECAUSE OF THE WHISTLEBLOWING COMPLAINT 19-98-090023 AND FOR JUDGE MILTON YOUNGE TO REFERENCE TO IT IN HIS REFUSAL TO RECUSE HIMSELF SHOW THE ARBITRARY AND CAPRICIOUS ERRED DECISION.

THIS RETALIATORY WRONGFUL TERMINATION LAWSUIT WAS FILED AGAINST THE CITY OF PHILADELPHIA POLICE DEPARTMENT AND CAPTAIN SCOTT DRISSEL.



PLAINTIFF TIMOTHY BOOTH WAS SUBJECTED TO RETALIATORY PUNISHMENT BECAUSE OF HIS WHISTLEBLOWING COMPLAINT 19-98-090023 WAS SUBSEQUENTLY WRONGFULLY TERMINATED FROM EMPLOYMENT WITH THE CITY OF PHILADELPHIA POLICE DEPARTMENT OUT OF RETALIATION FOR THE WHISTLEBLOWING COMPLAINT

THE WHISTLEBLOWING COMPLAINT FILED WAS AGAINST HIS EMPLOYERS 12TH DISTRICT COMMANDING OFFICER CAPTAIN SCOTT DRISSEL AND THE 12TH DISTRICT POLICE OFFICERS FOR STEALING AND DRINKING THE CONFISCATED BEER AND LIQUOR.

THE THEFT OF THE CONFISCATED BEER AND LIQUOR WAS ILLEGAL ACTIVITY AND THIS ILLEGAL ABUSE OF THE POLICE DEPARTMENT POLICIES AND PROCEDURES WAS THE FACTOR THAT WARRANTED REPORTING WHISTLEBLOWING TO POLICE COMMISSIONER ROSS AND THE PHILADELPHIA POLICE DEPARTMENT INTERNAL AFFAIRS DIVISION.

THE FILING OF THE WHISTLEBLOWING COMPLAINT 19-98-090023 AN PROTECTED ACTIVITY.

I PLAINTIFF TIMOTHY BOOTH RECEIVED A RIGHT TO SUE LETTER FROM THE EEOC FOR RETALIATORY WRONGFUL TERMINATION BECAUSE OF HIS WHISTLEBLOWING COMPLAINT 19-98-090023 BECAUSE THE ADVERSE ACTIONS OF RETALIATORY WRONGFUL TERMINATION BECAUSE OF HIS WHISTLEBLOWING COMPLAINT 19-98-090023, WAS BECAUSE PLAINTIFF TIMOTHY BOOTH WAS ACTING UPON PROTECTED ACTIVITY'S.



RETALIATORY WRONGFUL TERMINATION BECAUSE OF HIS
WHISTLEBLOWING COMPLAINT 19-98-090023, MEANS
PLAINTIFF NO LONGER HAS EMPLOYMENT AND HIS ECONOMIC-
FINANCIAL HAS BEEN OVERWHELMING IMPACTED EVEN HIS
MEDICAL TREATMENT HAS BEEN AFFECTED BECAUSE HE NO
LONGER HAD EMPLOYMENT MEDICAL BENEFITS TO TREAT HIS
DIABETIC NEEDS AND THIS WAS BECAUSE OF ACTING UPON
HIS CONSTITUTIONAL PROTECTED RIGHTS TO REPORT ILLEGAL
ACTIVITY AND ABUSE BY HIS EMPLOYERS.

PLAINTIFF TIMOTHY BOOTH RETALIATORY WRONGFUL
TERMINATION BECAUSE OF WHISTLEBLOWING COMPLAINT 19-
98-090023 IS AN CIVIL RIGHTS VIOLATION LAWSUIT THIS IS
ABSOLUTELY LEGALLY DIFFERENT THAN A RACIAL OR AN
RELIGIOUS DISCRIMINATION LAWSUIT BUT JUDGE MILTON
YOUNGE PURE DISDAIN FOR HIS FORMER NEIGHBORS TIMOTHY
BOOTH LEAD HIM TO REFUSE TO RECUSE HIMSELF AND THEN
LEAD HIM TO REPRESENT THE CITY OF PHILADELPHIA POLICE
DEPARTMENT FROM THE FEDERAL COURT BENCH AGAINST
PLAINTIFF TIMOTHY BOOTH CIVIL RIGHTS VIOLATION
RETALIATORY WRONGFUL TERMINATION LAWSUIT AGAINST THE
CITY OF PHILADELPHIA POLICE DEPARTMENT.

JUDGE MILTON YOUNGE SAID IN HIS REASONING FOR NOT
RECUSING HIMSELF WAS THAT PLAINTIFF TIMOTHY BOOTH
DIDN'T BRING UP HIS PREVIOUS INVOLVEMENT IN THE RACICAL
AND RELIGIOUS DISCRIMINATION CLAIM 20-CV-01751.

PLAINTIFF TIMOTHY BOOTH WAS REPRESENTED BY ATTORNEY
OLUGBENGA ABIONA DURING THAT UNRELATED RELIGIOUS
AND RACICAL DISCRIMINATION CLAIM AND THE FACT THAT THIS
ATTORNEY CHOOSE NOT TO BRINGS TO LIGHT THAT HIS CLIENT
TIMOTHY BOOTH AND UNITED STATES DISTRICT COURT JUDGE
MILTON YOUNGE WERE FORMER NEIGHBORS DOESN'T HAVE
ANY LEGAL IMPLICATIONS ON PLAINTIFF TIMOTHY BOOTH
MOTION TO RECUSE JUDGE MILTON YOUNGE FROM THE
UNRELATED CIVIL RIGHTS VIOLATION CLAIM OF RETALIATORY
WRONGFUL TERMINATION BECAUSE OF WHISTLEBLOWING
COMPLAINT 19-98-090023 AGAINST THE CITY OF PHILADELPHIA
POLICE DEPARTMENT .

JUDGE MILTON YOUNGE DEFENSE FOR NOT RECUSING
HIMSELF FROM PLAINTIFF TIMOTHY BOOTH RETALIATORY
WRONGFUL TERMINATION LAWSUIT IS ERRED , BECAUSE
PLAINTIFF TIMOTHY BOOTH WAS REPRESENTED BY AN
ATTORNEY IN THE DISCRIMINATION CLAIMS 20-CV-01751. AND
THE FACT THAT ATTORNEY ABIONA DIDN'T ASK JUDGE MILTON
YOUNGE TO RECUSE HIMSELF FROM THE RACICAL AND
RELIGIOUS DISCRIMINATION COMPLAINT 20-CV-01751 HAS
ABSOLUTELY NOTHING TO DO WITH PRO-SE PLAINTIFF TIMOTHY
BOOTH ASKING JUDGE MILTON YOUNGE TO RECUSE HIMSELF
FROM HIS RETALIATORY WRONGFUL TERMINATION BECAUSE OF
THE WHISTLEBLOWING COMPLAINT LAWSUIT.

JUDGE MILTON YOUNGE SET A PRECEDENT BY WHICH HE
HIMSELF ESTABLISHED WHEN HE RECUSE HIMSELF FROM HIS



FORMER NEIGHBOR WADE BOOTH V INGLIS HOUSE CORP PREMISE LIABILITY CLAIM, WHEN JUDGE YOUNGE WAS A COMMON PLEAS COURT JUDGE.

PLAINTIFF TIMOTHY BOOTH LIVED IN THE SAME HOUSE AS WADE BOOTH, THEREFORE TO RECUSE HIMSELF FROM WADE BOOTH PREMISE LIABILITY CLAIM BECAUSE OF BEING FORMER NEIGHBORS AND THEN REFUSING TO RECUSE HIMSELF FROM PLAINTIFF TIMOTHY BOOTH RETALIATORY WRONGFUL TERMINATION LAWSUIT IS ABSOLUTELY ARBITRARY AND CAPRICIOUS.

 THIS CIVIL RIGHTS VIOLATION RETALIATORY WRONGFUL TERMINATION BECAUSE OF WHISTLEBLOWING COMPLAINT 19-98-090023 ; PLAINTIFF TIMOTHY BOOTH IS REPRESENTING HIMSELF PRO-SE.

THE 3RD CIRCUIT COURT OF APPEALS SAID ON 8-14-2024 IN CASE 23-3004 , THE APPEAL FROM 20-CV-01751 JUDGE MILTON YOUNGE JUDGMENT OF SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANTS.

THE COURT OF APPEALS SAID THAT APPELLANT TIMOTHY BOOTH DIDN'T BRING UP THE FACT THAT HE WAS JUDGE MILTON YOUNGE FORMER NEIGHBORS IN HIS RACICAL AND RELIGIOUS CLAIM , THEREFORE HE COULDN'T BRING IT UP IN THAT 23- 3004 RACICAL AND RELIGIOUS DISCRIMINATION APPEAL. SEE EXHIBIT MARKED 3.

PLAINTIFF TIMOTHY BOOTH FILED HIS CIVIL RIGHTS VIOLATION CLAIM OF RETALIATORY WRONGFUL TERMINATION FROM THE CITY OF PHILADELPHIA POLICE DEPARTMENT BECAUSE OF THE



WHISTLEBLOWING COMPLAINT 19-98-090023 THAT HE HAD LODGED AGAINST CAPTAIN SCOTT DRISSEL AND HIS 12TH DISTRICT SUBORDINATE FOR STEALING AND DRINKING THE CONFISCATED BEER AND LIQUOR ON DUTY.

THIS COMPLAINT WAS THE REASON THAT PLAINTIFF TIMOTHY BOOTH WAS SUBJECTED TO RETALIATORY WRONGFUL TERMINATION ON 11-28-23 WHILE HE WAS OUT OFF WORK ON AN APPROVED LEAVE OF ABSENCE UNTIL 1-11-2024.

THE SARBANES OXLEY ACT AND THE UNITED STATES SUPREME COURT RULING THAT THE WHISTLEBLOWING EMPLOYEE DOESN'T HAVE TO SHOW THE EMPLOYER INTENTIONS FOR THE RETALIATORY ACTION THAT WERE INFLICTED UPON THEM BY THE EMPLOYER BECAUSE OF THE WHISTLEBLOWING COMPLAINT THAT THE EMPLOYEE HAD FILED

WHEN PLAINTIFF TIMOTHY BOOTH WAS INFORMED BY THE UNITED STATES EASTERN DISTRICT CLERK OFFICE THAT JUDGE MILTON YOUNGE WAS  ASSIGNED THE RETALIATORY WRONGFUL TERMINATION LAWSUIT AGAINST THE CITY OF PHILADELPHIA POLICE DEPARTMENT  BECAUSE OF THE WHISTLEBLOWING COMPLAINT 19-98-090023.

I PRO-SE PLAINTIFF TIMOTHY BOOTH  AFTER FILING THE RETALIATORY WRONGFUL TERMINATION BECAUSE OF THE WHISTLEBLOWING COMPLAINT 19-98-090023,  IMMEDIATELY FILED A MOTION TO DISQUALIFY AND RECUSE UNITED STATES DISTRICT COURT JUDGE MILTON YOUNGE WHOM WAS PLAINTIFF FORMER NEIGHBOR.



PLAINTIFF TIMOTHY BOOTH MOTIONED FOR JUDGE MILTON YOUNGE TO RECUSE HIMSELF BUT JUDGE MILTON YOUNGE REFUSED TO RECUSE HIMSELF AND THEN PROCEEDED TO ABUSE HIS LEGAL DISCRETION  BY DISMISSING PLAINTIFF TIMOTHY BOOTH CIVIL RIGHTS VIOLATION RETALIATORY WRONGFUL TERMINATION LAWSUIT , WITHOUT THE DEFENDANTS HAVING FILED ANY KIND OF MOTION TO DISMISS. IE : ( WALKER V. CITY OF ORANGE ( 5TH CIR. 1983) 704  F 2D 1072 , THE APPEAL COURT REVERSED THE DISMISSAL  HOLDING THAT THE DISTRICT COURT JUDGE HAD EFFECTIVELY  ACTED AS THE DEFENDANTS ATTORNEY.  THIS COURT REVERSAL OF THE DISTRICT COURT JUDGE DISMISSAL ESTABLISHED THE PRINCIPLE THAT A COURT JUDGE CAN'T ASSUME THE ROLE OF AN ADVOCATE FOR A PARTY IN A LITIGATION ).

IN WRIGHT V UNION PACIFIC RAILROAD CO. NO 20-20334 ( 5TH CIRCUIT 2021) THE COURT REVERSED BECAUSE THE PLAINTIFF HAD STATED A RETALIATION CLAIMS AGAINST THE EMPLOYER

THE CITY  OF PHILADELPHIA POLICE DEPARTMENT ATTORNEY JILL OSBORNE DIDN'T FILE ANY ANSWER FOR  JUDGE MILTON YOUNGE TO MAKE A  PREJUDICAL  DECISION ON TO DISMISS PLAINTIFF RETALIATORY WRONGFUL TERMINATION  BECAUSE OF THE WHISTLEBLOWING COMPLAINT 19-98-090023 THAT HE FILED AGAINST THE DEFENDANTS HEREIN, RE : MACKTAL V. STATES DEPARTMENT OF LABOR 171 F 3D 301 ( 5TH CIR. 1999) REVERSING THE LOWER COURT DECISION IN A WHISTLEBLOWERS CASE DUE TO MISAPPLICATION OF CAUSATION STANDARDS .



ABSOLUTELY NO ONE FROM THE CITY OF PHILADELPHIA
SOLICITOR OFFICE GAVE ANY ANSWER IN DEFENSE TO
PLAINTIFF TIMOTHY BOOTH CIVIL RIGHTS VIOLATION FALSE
CLAIM ACT OF RETALIATORY WRONGFUL TERMINATION
BECAUSE OF THE WHISTLEBLOWING COMPLAINT 19-98-090023.
IT WAS JUDGE MILTON YOUNGE WHOM ACTED WITH
UNBRIDLED PREJUDICE TOWARD PLAINTIFF TIMOTHY BOOTH,
REFUSING TO RECUSE HIMSELF FROM THE CIVIL RIGHT
VIOLATION RETALIATORY WRONGFUL TERMINATION BECAUSE
OF THE WHISTLEBLOWING COMPLAINT AND THEN PROCEEDED
TO REPRESENT THE DEFENDANTS HEREIN BY DISMISSING
PLAINTIFF TIMOTHY BOOTH RETALIATORY WRONGFUL
TERMINATION BECAUSE OF HIS WHISTLEBLOWING COMPLAINT
19-98-090023 CIVIL RIGHTS VIOLATION CLAIM WITH PREJUDICE.

I'M DISMISSING MY FORMER CHILDHOOD NEIGHBORS
RETALIATION CLAIMS WITHOUT THE DEFENDANTS ATTORNEY
HAVING TO HAVE SUBMITTED ANY ANSWER IN DEFENSE OR
OPPOSITION TO MY FORMER NEIGHBORS CIVIL RIGHTS
VIOLATION RETALIATORY WRONGFUL TERMINATION BECAUSE
OF HIS WHISTLEBLOWING COMPLAINT .

I UNITED STATES DISTRICT COURT JUDGE MILTON YOUNGE
DISMISS MY FORMER CHILDHOOD NEIGHBOR PLAINTIFF
TIMOTHY BOOTH FALSE CLAIM ACT OF RETALIATORY
WRONGFUL TERMINATION BECAUSE OF HIS WHISTLEBLOWING
COMPLAINT 19-98-090023 LAWSUIT WITH PREJUDICE SO THAT
HE CAN NEVER REFILE THIS FALSE CLAIM RETALIATION
WRONGFUL TERMINATION BECAUSE OF HIS WHISTLEBLOWING
COMPLAINT 19-98-090023 LAWSUIT AGAIN.



I UNITED STATES DISTRICT COURT JUDGE MILTON YOUNGE WILL DISREGARD THE RECENT UNITED STATES SUPREME COURT RULING IN MURRAY V USB SECURITIES LLC, THAT SAYS A WHISTLEBLOWING EMPLOYEE HAS THE PROTECTION UNDER SARBANES-OXLEY WHISTLEBLOWING PROTECTION ACT, AND THE EMPLOYEE DOESN'T NEED TO SHOW THE EMPLOYER INTENTIONS BUT ONLY THAT THEY WERE ENGAGED IN PROTECTED ACTIVITIES ( FILING WHISTLEBLOWING COMPLAINT 19-98-090023 FOR THE THEFT AND DRINKING OF THE CONFISCATED BEER AND LIQUOR FROM THE PHILADELPHIA POLICE DEPARTMENT)

THESE SET FORTH UNDISPUTIBLE FACTS ARE THE REASON FOR THIS APPEAL BREIF TO THE THIRD CIRCUIT COURT OF APPEALS

 UNITED STATES DISTRICT COURT JUDGE MILTON YOUNGE REFUSAL TO RECUSE HIMSELF AND THEN ACTING AS THE DEFENDANTS ADVOCATE BY DISMISSING PLAINTIFF TIMOTHY BOOTH CIVIL RIGHTS RETALIATION WRONGFUL TERMINATION BECAUSE OF HIS WHISTLEBLOWING COMPLAINT AGAINST THE DEFENDANTS CITY OF PHILADELPHIA POLICE DEPARTMENT ET AL.


DATED. AUGUST 04, 2025

PRO-SE PLAINTIFF/ APPELLANT

TIMOTHY BOOTH

4215 FILBERT ST

PHILADELPHIA PA 19104.

JILL OSBORNE CITY LAW DEPARTMENT 1515 ARCH ST 15TH FLOOR

PHILADELPHIA PA. 19102 JILL.OSBORN@PHILA.GOV

32

6. Did the district court or the agency apply the wrong law (either cases or statutes)?
If so, what law do you want applied?

## MEMORANDUM OF LAW IN SUPPORT OF APPELLANT
## APPEAL TO THE 3RD CIRCUIT COURT OF APPEALS

1. Liteky v. United States, 510 U.S. 540 ( 1994) the
   USSC. Clarified that the extrajudicial source
   doctrine applies to recusal motions filed under 28
   U.S.C. € 455(a) this statue requires a federal judge to
   Disqualify themselves in any proceedings where
   their impartiality might be reasonable questioned.
   This aims to ensure fair proceedings and maintain
   public confidence in judiciary. Title 28 of the United
   States Code imposes a duty that any justice, Judge
   or magistrate Judge of the United States shall
   Disqualify themselves in any instances of
   appearance of biases or impartiality and prejudice
2. Re School Asbestos, 977 F. 2d 764( 3d Cir. 1992)
   litigation the 3rd circuit court ordered district court
   judge James McGirr Kelly to Disqualify himself from
   a case , based on the appearance of partiality under
   28.U.S.C € 455(a)
3. Ward v. City of Monroeville, 409 U.S. 57,61-62(1972)
   Article 29 of the Massachusetts Declaration of
   rights, it is the right of every citizen to be tried by
   judges as free , impartial and and independent as
   humanity will admit, the goal is to ensure not only
   that a trial judges is personally impartial but also
   the proceedings are perceived by the public as
   such. There the generality of sub section (a) and sub

(33)

section (b) of € 455 that lists five specific
circumstances in which partiality may be presumed
and recusal is required, These includes where the
judge has personal bias or prejudice against a party,
personal knowledge of disputed facts in the case ,
former involvement as a government lawyer with
the matter, a financial interest in the subject matter
of controversy or when the judge relations is
involved.

4. Caperton v. A.T Massey Coal Co.,556 U.S. 868 (2009)
the importance of an impartial tribunal under the
due process clause of the Fourteenth Amendment.

5. Williams v. Pennsylvania 579 U.S.(2016) The
supreme court vacated , holding that Castille
refusal to recuse himself create a impermissible
risk of actual bias bias when a judge earlier had
significant, personal involvement. Due Process
concerns of the Fourteenth Amendment , An
unconstitutional failure to recuse themselves
constitutes structural error that is not amenable to
harmless error review may violate a party rights to a
fair tribunal. ( BY this time Three Decades had
passed since Williams was prosecuted by Castille
and Castille had been elected to a seat on the State
Supreme Court and was serving as Chief Justice.)
The time is irrelevant and not of importance under
the Due process guarantee of an absence of actual
bias on part of a judge.

34

6. Re Murchison, 349 U.S 133, 136 ( 1955) bias is easy to attribute to others and difficult to discern in oneself .

7. Lileberg v. Health services Acquisition Corp. The judge failed to recuse himself despite a conflict of interest related to prior affiliation with a university, The Supreme Court determined that the judge should have recused himself even without the evidence of actual bias because his actions created the appearance of impropriety. According to Justia U.S. Supreme Court center of this case highlights the importance of not only avoiding actual bias but also avoiding the appearance of bias to maintain public confidence in the judicial system, the standard for judicial recusal under federal law , outlined in 28 U.S. code € 455 requires a judge to Disqualify themselves when their impartiality might be reasonable questioned.

8. Boyle v. Million the six circuit court of appeals held that a district court judge should have recused himself from a habeas corpus proceeding because of a prior contentious relationship with the petitioner family. The judge had personal dispute with petitioner family member and the court found that a reasonable observer would question his impartiality given this prior history of one marked by conflict .

9. United States v. Grinnell Corp., 384 U.S. 563, 583 applies to € 455(a) it was developed under €144 , which requires Disqualification for personal bias and prejudice. This phrase is repeated as recusal grounds in 455( b)(1) and € 455(a) addressing Disqualification for appearance of partiality, also covers bias and prejudice

10. United States v. Tovarchavez, 78 M.J 458 horizontal stare decisis is requires an appellate court to adhere to it own prior decision.

11. United States v. Andrews, 77 M.J 393 the stare Decisis is defined as the doctrine of precedent, under which a court must follow earlier judicial decision when the same point arise again in litigation

12. United States v. Falcon, 65 M.J. 386, the doctrine of stare decisis plays an important role in an appellate court decision making; applying stare decisis is the preferred course because it promotes the even handed, predictable and consistent development of legal principles, foster reliance on judicial decisions and contributes to the actual and perceived integrity of the judicial process

13. Wiest v. Lynch , 710 F.3d ( 3rd CIRCUIT. 2013) partially reversed the lower court dismissal of a SOX retaliation lawsuit, the 3rd circuit court of appeals held that employees are protected as they had a reasonable belief that their employers / supervisor



36

acted fraudulently and they were punished for
raising a sox – related issue. The Court of appeals
said that Judge may not dismiss such complaints.

14.   U.S. ex rel. Thompson v. West ( 9th Cir.2009) 554 F
3d 769. The Court upheld a whistleblower's claim
under the False Claim Act ( FCA)  and found that the
employee had been retaliated against for reporting
fraud directly to the government but also action
taken in furtherance of an investigation

15.   Carvalho- Grevious v. Delaware State University
No. 15- 3521, 2017 Bl. 87499 ( 3d. Cir March  21, 2017)
the 3rd circuit court of appeals held that Plaintiff
alleging retaliation under title Vll or section 1981
only needs to produce enough evidence to raise an
inference that the protected activity was likely
reason for the adverse employment action

16.   DiFiore v. CSL Behring,  LLC, 879 F.3d 125 ( 3d Cir.
2018) the 3rd circuit court of appeals reversed the
district court dismissal of a false claim act
whistleblower's  retaliation lawsuit.  The 3rd circuit
held that the District Court erred in finding that the
plaintiff failed to demonstrate a causal connection
between her whistleblowing activities and her
alleged constructive discharge. Which involved
adverse employment action
ruled that the but -for -causation  standards applies
to retaliation claim under the False Claim Act ( FCA).
The 3rd circuit court of appeals based it decision on

(37)

the USSC rulings in Gross v. FBL Fin Servs. which established the but for causation standards in Title VII retaliation claims.

17. Staub v. Proctor Hospital, 562 U.S. 411 (2011) the Cat Paw principle was used to reverse the district court dismissal of a retaliatory wrongful termination claim because of whistleblowing activities. The Cat's Paw Theory , this doctrine allows employers to be held liable for the adverse employment action, even if the final decision makers isn't biased, if the decision is influenced by a biased subordinates retaliatory motivation

18. McKenna v. City of Philadelphia 649 F. 3d 171 ( 3d Cir. 2011) adverse employment action of termination was influenced by another employee with retaliatory animus even if the ultimate decision makers ( a police inquiry board and tge commissioner) were purportedly neutral. The 3rd circuit court of appeals found that a reasonable jury could concluded that the supervisor retaliatory intent had a direct and substantial relation to the officer termination.

19. Vasquez v. Empress Ambulance Service, inc. The 2nd court of appeals applied the Cat's Pa e theory to a situation where a co-worker influenced a decision maker with retaliatory motive . The Court reversed the lower court dismissal of the false claim act lawsuit

20. Canada v Grossi, No 20-2747 ( 3d Cir. September 15, 2022) The 3rd Circuit reversed the district court judge dismissal, finding that a jury could potentially infer that the supervisor used fraudulent investigation to ultimately get him fired in retaliation for his whistleblowing activity.

21. United States ex rel. Ascolese v. Shoemaker Constr. Co. - F. 4th - , 2022 WL. 17335121 (3d Cir. 2022) the district court dismissed the lawsuit by appling the distinct possibility standard to a false claim act litigation. The 3rd circuit court of appeals reversed , ruling that this standard is inapplicable to retaliation suits brought under the other efforts prong of the amended FCA's anti- retaliation provision (31 U.S.C.€ 3730(h)(1). Which was expanded by 2009 and 2010 amendment

22. Danon v. Vanguard Group, inc. No. 16-cv-2881. The 3rd circuit court of appeals reversed the district court dismissal of a whistleblower's retaliation lawsuit. The lawsuit alleged retaliation in violation of sarbanes oxley act ( SOX) , Dodd- Frank and the Pennsylvania Whistleblower Law. . The Court on appeals Reversed and held that the whistleblower's retaliation claim can proceed

23. Ascolese v. Southern Pennsylvania Transportation Authority ( SEPTA) in 2022 The 3rd Circuit court of appeals reversed the district court dismissal of employee false claim act retaliation

lawsuit. The circuit court of appeals held that the amended anti- retaliation provision protects other efforts to stop FCA violations, even if a lawsuit isn't contemplated .

24. University of Texas Southwestern Medical Center v. Nassar, 570 U.S. 338 ( 2013). The Supreme Court relied on the but for causation principle in whistleblowing retaliation lawsuit brought under title Vll of 1964.

25. Wilson v. El Dupont De Nemours & Co. 710 Fed. Appx. 57 ( 3d Cir January 31, 2018) the 3rd circuit court of appeals determined that the plaintiff actions qualified as protected whistleblowing activity under the Federal Law. The 3rd circuit court reversed the district court decision to dismiss the plaintiff lawsuit with prejudice

26. Bacon v. Honeywell international inc (2023) the supreme court reversed a lower court dismissal of a federal employee whistleblower retaliation lawsuit under the false claim act

27. Homeland Security v. MacLean 574 U.S. 383 (2015) the USSC reversed the district court judge decision to dismiss a government employee whistleblower retaliation lawsuit with prejudice, holding that the whistleblower Protection Act , is applicable to the retaliation lawsuit.

28. Araujo v. New Jersey Transit Rail Operations, inc. No. 12-2148, 2013 Wl 600208 ( 3d. Cir Feb 19th 2013)



The court  emphasized the clear and convincing evidence standard the employer must meet to demonstrate that they would have taken the same adverse actions even in the absence of the protected activity



7. Are there any other reasons why the district court's judgment or the agency's decision was wrong? _____
   If so, briefly state these reasons

ABUSE OF DISCRETION, WHEN HE RECUSE HIMSELF FROM WADE BOOTH V INGLIS HOUSE PREMISE LIABILITY LAWSUIT BECAUSE HE AND WADE WERE FORMER CHILDHOOD NEIGHBORS, AND HE DIDN'T WANT THE APPEARANCE OF PARTIALITY OR BIASNESS TO BE CONSIDERED.

THEN HE REFUSED TO RECUSE HIMSELF FROM APPELLANT TIMOTHY BOOTH FALSE CLAIM ACT LITIGATION, RETALIATORY WRONGFUL TERMINATION BECAUSE OF THE WHISTLEBLOWING COMPLAINT 19-98-090023 LODGED AGAINST THE DEFENDANTS AND IN AN ARBITRARY AND CAPRICIOUS MANNER DISMISS HIS FORMER CHILDHOOD NEIGHBORS LITIGATION WITH PREJUDICE.

8. What action do you want the Court of Appeals to take in this case?

1. I REQUEST THAT THIS 3RD CIRCUIT COURT OF APPEALS REVERSE JUDGE JOHN MILTON YOUNGE DECISION.

2. I ALSO REQUEST THAT MY FALSE CLAIM ACT LITIGATION OF RETALIATORY WRONGFUL TERMINATION BECAUSE OF THE WHISTLEBLOWING COMPLAINT, BE REMANDED FOR FUTHER PROCEEDING.

3. I OVERWHELMINGLY REQUEST THAT MY FORMER NEIGHBOR JUDGE JOHN MILTON YOUNGE BE ORDERED TO NEVER AGAIN BE INVOLVED IN THIS LITIGATION OR ANY LITIGATION IN THE FUTURE

8/4/25 _____  _____ Signature

(42)

# CERTIFICATE OF SERVICE

I PRO-SE APPELLANT TIMOTHY BOOTH HEREBY DECLARE THAT I'VE SERVED
A COPY OF THE ATTACHED MOTION TO FILE APPENDIX-EXHIBITS WITH
APPELLANT INFORMAL BREIF, UPON
THE PARTIES LISTED BELOW AND IN THE MANNER AS STATED

### Via U.S. Mail and Email:

**ELECTRONICALLY FILED**

**Jill Osborne 1515 ARCH STREET 17TH FL.**
**PHILADELPHIA PA 19102**

Jill.osborn@phila.gov

**ATTORNEY FOR THE APPELLEES THE CITY OF PHILADELPHIA**
**POLICE DEPARTMENT ET AL, AS LISTED ON THE EEOC RIGHT**
**TO SUE LETTER**

DATED 8-04-2025                    Timothy Booth

**Timothy bootb**
**4215,Filbert,Street Philadelphia, PA.19104**
**timothyhooth21@gmail.com Appellant Pro- Se**

(43)

EXHIBIT MARKED #1. THESE EXHIBITS
SHOWS THE PREVIOUS EMPLOYMENT
RELIGIOUS AND RACIAL DISCRIMINATION
WITH THREATS OF VIOLENCE WAS
ORIGINALLY ASSIGNED TO UNITED STATES
JUDGE DARNELL JONES.

HE DENIED THE DEFENDANTS MOTION TO
DISMISS AND ORDERED PLAINTIFF TO
AMEND THE 20-CV-O1751 COMPLAINT,
AFTER THE COMPLAINT WAS AMENDED HE
ORDERED MEDIATION

\

Ex 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TIMOTHY BOOTH                                                     :
      *Plaintiff,*

                                        CIVIL ACTION
      v.                                                         :          NO. 20-1751

CAPT. SCOTT DRISSEL; LT. TAMIKA
ALLAN; SGT. BRIAN MCMENAMIN; and,        :
CITY OF PHILA. POLICE DEPT.
      *Defendants.*

## ORDER

AND NOW this 10th day of May 2022, by agreement of all parties, it is ORDERED as follows:

(1)    The above-captioned matter is hereby REFERRED to the Court Annexed
        Mediation Program;

(2)    Attorney Charles F. Forer is hereby APPOINTED from the court's list of
        approved mediators, to mediate this matter;

(3)    **On or before August 8, 2022**, the parties shall participate in mediation proceedings.[1]
        Additional information regarding the Court-Annexed Mediation Program may be
        found at: http://www.paed.uscourts.gov/documents2/mediation;

(4)    Within fourteen (14) days of mediation proceedings, the parties shall
        provide this Court with a jointly prepared written status report, filed via
        the court's Electronic Case Filing system;[2] and,

(5)    The Clerk of Court is directed to place this case in SUSPENSE status, pending the
        outcome of settlement negotiations. The court shall retain jurisdiction and the case
        shall be restored to the trial docket when the   action is in a status so that it may
        proceed to final disposition.  This Order shall not prejudice the rights of the parties to
        this litigation.

BY THE COURT:


/s/  C. Darnell Jones, II   J.

---

[1]  The parties shall continue to engage in fact discovery—including completion of necessary depositions—prior
to the date of mediation.

[2]  In the event the parties do not reach a non-trial disposition, said Report shall inform the court as to whether: (1)
additional time is required to complete fact and/or expert discovery; (2) the parties would be amenable to
continuing their settlement efforts via mediation; and, (3) whether the parties would consent to magistrate
jurisdiction over this entire matter.

$Exh_a$

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TIMOTHY BOOTH                                          :
    *Plaintiff*,

                                 CIVIL ACTION
v.                                                                   :       NO. 20-1751

CAPT. SCOTT DRISSEL; LT. TAMIKA
ALLAN; SGT. BRIAN MCMENAMIN; and,   :
CITY OF PHILA. POLICE DEPT.
    *Defendants*.

## ORDER

AND NOW, this 15th day of June 2021, upon consideration of Plaintiff's pre-motion

filings (ECF Nos. 2, 6) and Defendants' Motion to Dismiss (ECF No. 17), it is hereby

ORDERED as follows:

> (1) **On or before July 30, 2021**, Plaintiff shall file an Amended Complaint;[1]
>
> (2) Defendants' Motion to Dismiss (ECF No. 17) is DENIED without prejudice;[2] and,

---

[1] This Court remains mindful of Plaintiff's *pro se* status. One week after being granted leave to proceed *in forma pauperis* and having his initial Complaint filed, Plaintiff prepared an "Addition of Statement of Claims Against the Defendants" and the same was filed of record on April 10, 2020 (ECF No. 6). Inasmuch as Plaintiff is proceeding *pro se*, he must be afforded a degree of leniency with regard to the litigation process. *See Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (regardless of how "inartfully pled" a *pro se* Complaint is, a court must liberally construe such Complaints and hold them to "less stringent standards than formal pleadings drafted by lawyers.") (quoting *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)). *Pro se* claims may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *McDowell v. Del. State Police*, 88 F.3d 188, 189 (3d Cir. 1996) (quoting *Haines*, 404 U.S. at 520) (internal quotation marks omitted). Because the court cannot definitively conclude at this time that amendment of Plaintiff's claims against Defendants (as contained in ECF Nos. 2 and 6) would be futile, Plaintiff shall be granted leave to amend. This Court reminds Plaintiff that when preparing his Amended Complaint, it is incumbent upon him to plead with clarity. To that end, Plaintiff is directed to fashion his Amended Complaint in accordance with Rules 8 and 10 of the Federal Rules of Civil Procedure.
[2] Defendants did not address the "Addition to Statement of Claim" (ECF No. 6) that was filed shortly after Plaintiff's initial Complaint and before Defendants filed the instant Motion. Because said "Statement" provided additional facts that were relevant to the bases for

Ex 1b

(3) Plaintiff's Motion for an Evidentiary Hearing (ECF No. 21) is DENIED as moot.

BY THE COURT:

/s/ C. Darnell Jones, II    J.

---

Defendants' Motion and Plaintiff is being granted leave to amend his Complaint, Defendants' Motion shall be denied at this time.

4



# Fwd: Activity in Case 2:20-cv-01751-CDJ BOOTH v. DRISSEL et al Order

1 message

**Timothy Boothe** <timothybooth21@gmail.com>                Tue, Jun 22, 2021 at 11:25 AM
To: Rob Lawyer <oluesq@aol.com>

---------- Forwarded message ----------
From: <ecf_paed@paed.uscourts.gov>
Date: Tue, Jun 15, 2021, 4:57 PM
Subject: Activity in Case 2:20-cv-01751-CDJ BOOTH v. DRISSEL et al Order
To: <paedmail@paed.uscourts.gov>

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**United States District Court**

**Eastern District of Pennsylvania**

## Notice of Electronic Filing

The following transaction was entered on 6/15/2021 at 4:57 PM EDT and filed on 6/15/2021
**Case Name:**      BOOTH v. DRISSEL et al
**Case Number:**    2:20-cv-01751-CDJ
**Filer:**
**Document Number:** 33

**Docket Text:**
**ORDER THAT ON OR BEFORE 7/30/21, PLAINTIFF SHALL FILE AN AMENDED COMPLAINT. DEFENDANTS MOTION TO DISMISS IS DENIED WITHOUT PREJUDICE. PLAINTIFF'S MOTION FOR AN EVIDENTIARY HEARING IS DENIED AS MOOT; ETC.. SIGNED BY HONORABLE C. DARNELL JONES, II ON 6/15/21. 6/15/21 ENTERED AND E-MAILED.(JL )**

**2:20-cv-01751-CDJ Notice has been electronically mailed to:**

NICOLE S. MORRIS    nicole.morris@phila.gov

ERICA ELIZABETH KANE    erica.kane@phila.gov, nicole.morris@phila.gov        5

EXHIBIT MARKED #2. SHOWS THAT
TIMOTHY BOOTH WAS REPRESENTED BY
ATTORNEY ABIONA OLUESQ@AOL.COM ,
HE KNOW THAT JUDGE JOHN MILTON
YOUNGE WAS REASSIGNED TO 20-CV-
01751 AFTER JUDGE DARNELL JONES
RETIRED.  THEREFORE APPELLANT
TIMOTHY BOOTH WOULD NOT HAVE
KNOWN THAT HIS FORMER CHILDHOOD
NEIGHBORS WAS PRESIDING OVER HIS
EMPLOYMENT DISCRIMINATION 20-CV-
01751 LAWSUIT,  OTHER WISE APPELLANT
WOULD HAVE OBJECTED . I COULDN'T
HAVE JUDGE JOHN MILTON YOUNGE TO
RECUSE HIMSELF WHEN I DIDN'T KNOW
HE WAS INVOLVED IN THE 20-CV-01751
EMPLOYMENT DISCRIMINATION LAWSUIT

6



## Re: Settlement

1 message

<oluesq@aol.com>                                                                  Wed, Feb 2, 2022 at 11:56 AM
Reply-to: oluesq@aol.com
To: JConlan@paworkinjury.com <JConlan@paworkinjury.com>, Nulmer@paworkinjury.com
<Nulmer@paworkinjury.com>
Cc: timothybooth21@gmail.com timothybooth21@gmail.com

Dear Counsel
Please be advised that this office represents Mr. Timothy Booth in a Civil rights violation action
presently before the United States District Court for the Eastern District Court of Pennsylvania, Against
individual 12th District Police Officers. Docket number is 20-CV-01751.
Please confer with me regarding any Workers Compensation settlement discussions with the City of
Philadelphia for the ongoing matter, so that we make sure no settlement adversely affects Mr. Booth's
rights in his Federal civil rights claim against any of those individuals defendants officers in the Civil
Rights action 20-CV-01751 that I'm Representing the Plaintiff Timothy Booth.

Thank you for your cooperation in this matter.

Olugbenga Abiona
Oluesq@aol.com
ABIONA LAW, PLLC
P.O. Box 3326
Cherry Hill NJ 08034
2158338227

This communication, together with any attachments hereto or links contained herein, is intended for the use of the intended
recipient(s) only and contains information that is confidential, proprietary, or legally protected. If you are not the intended recipient, you are hereby
notified that any review, disclosure, copying, dissemination, distribution or use of this communication is STRICTLY PROHIBITED. If you have received this
communication in error, please notify the sender immediately by return e-mail message and delete all copies of the original communication, along with
any attachments hereto or links herein, from your system. Thank you.

INFORMATION CONTAINED IN THIS E-MAIL TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IF
YOU ARE NOT THE INTENDED RECIPIENT OF THIS EMAIL, DO NOT READ, DISTRIBUTE OR REPRODUCE THIS
TRANSMISSION (INCLUDING ANY ATTACHMENTS). IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE
IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE OR EMAIL REPLY.

M

Ex 2a

entitled to his fees as stated above should I cancel his representation without just cause.

I further agree that should my said attorney recommend I settle my claims for an amount certain offered by the Defendant (s) and I refuse, **I will be liable to pay my attorney his fees based on an hourly rate as recommended by the Philadelphia Community Legal Aid Services for an attorney with my attorney's years of experience which can be found on the Philadelphia Community Legal Aid website**. Said fees will be immediately due upon my refusal to accept the settlement offer by the responsible parties recommended by my attorney, and said attorney's fees thereafter will be based on his hourly rate for time spent on litigating my case.

SHOULD NO MONEY BE RECOVERED BY SUIT OR SETTLEMENT, SAID ATTORNEY SHALL HAVE NO CLAIM FOR FURTHER ATTORNEYS' FEES AGAINST ME BUT I UNDERSTAND I AM OBLIGED TO REIMBURSE HIM FOR ALL COSTS AND EXPENSES ASSOCIATED WITH THE CASE.

I agree that the said attorney accepts this said representation on the condition that he will investigate said claim, and if it appears to be a recoverable claim, he will proceed to handle the claim, but if after investigation, the claim does not appear recoverable, then said attorney shall have the right to rescind this agreement.

I agree that my attorney may withdraw from this case at any time after reasonable notice to me. I agree to keep my attorney advised of my whereabouts at all times, and to cooperate at all times in the preparation and trial of this case and to appear upon reasonable notice for deposition and court appearances and to comply with all reasonable requests made of me in connection with the preparation and presentation of this case.

**I hereby acknowledge receipt of a duplicate copy of this Power of Attorney and Agreement of Representation.**

OLUGBENGA O. ABIONA
ATTORNEY-AT-LAW

SIGNED: _____ DATE 2/24/2021
NAME: Timothy Booth
ADDRESS 4215 Filbert St
Phila. PA. 19104

8



## Re: Mediation for time pension benefits

1 message

<oluesq@aol.com>                                                    Mon, Aug 15, 2022 at 11:59 AM
Reply-to: oluesq@aol.com
To: timothybooth21@gmail.com <timothybooth21@gmail.com>

Hello Timothy,

I really think that you should reconsider the City latest Mediation offer for $ 90,000.00 to settle your civil discrimination lawsuit 20-CV-01751 against those officers.

I can contact Judge Wells if you decide to accept but I can honestly tell you that you don't have any idea what the judge is like that's handling your case.

I can tell you that most lawsuit are lost during summary judgment, so if you change your mind then I'll contact the city attorneys and Judge Wells

Olugbenga Abiona
oluesq@aol.com
ABIONA LAW, PLLC
P.O. Box 3326
Cherry Hill, NJ 08034
2158338227

This communication, together with any attachments hereto or links contained herein, is intended for the use of the intended recipient(s) only and contains information that is confidential, proprietary or legally protected. If you are not the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of this communication is STRICTLY PROHIBITED. If you have received this communication in error, please notify the sender immediately by return e-mail message and delete all copies of the original communication, along with any attachments hereto or links herein, from your system. Thank you.

INFORMATION CONTAINED IN THIS E-MAIL TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IF

EXHIBIT MARKED #3. STARE DECISIS PRINCLE, WITNESS AFFIDAVIT FROM COLLEEN GARDNER ON JUDGE JOHN MILTON YOUNGE RECUSING HIMSELF FROM WADE BOOTH V INGLIS HOUSE PREMISE LIABILITY LAWSUIT 18 0902162 BECAUSE THEY WERE FORMER NEIGHBORS GOWNING UP.

10

# WITNESS AFFIDAVIT

EX3.

I Mrs. Colleen Gardner hereby declare that I was present inside of Common Pleas Court of Philadelphia Pennsylvania Courtroom 483, along with both of my brothers Wade Booth because I was his Power of Attorney at that time and my other brother Timothy Booth along with the Inglis House Corp Attorney Jeffery McDonnell and The Presiding Judge, Judge John Milton Younge in the civil lawsuit of Wade Booth v Inglis House Corp 18 0902162 in court room 483 at 9:00:am.

Judge John Milton Younge was also our former neighbor and Judge John Milton Younge lived at 5943 Wharton street Philadelphia Pa. 19143.

I affirm that in courtroom 483, Judge John Milton Younge Stood up and said That he was going to recuse himself from my brother Wade Booth civil lawsuit against the Inglis House Corp., Case# 180902162; Because "He and Wade Booth were former childhood neighbors"!

Then Judge John Milton Younge ordered the Inglis House Attorney Jeffery McDonnell and Myself and Wade Booth and Timothy Booth to leave his court room and try to work out the disagreement on the discovery request.



Commonwealth of Pennsylvania - Notary Seal
Thomas W. McL.    Notary Public
Philadelphia County
My Commission Expires February 25, 2027
Commission Number 1286543

11

Pg# 1.

My family lived at 5947 Wharton Street Philadelphia Pa. 19143 and Judge John Milton Younge used to live at 5943 Wharton street Philadelphia Pa. 19143.

I do remember Judge John Milton Younge saying that he was going to recuse himself from my brother Wade Booth civil lawsuit against the Inglis House Corp 18 0902162 because they were former neighbors gowning up and the Inglis House Corp Attorney Jeffery McDonnell can also attest to this.

The premise liability lawsuit 18 0902162 was then reassigned from Judge John Milton Younge , to Common Pleas Court Judge Linda Carpenter. These facts are on the court Docket and the court reporters transcripts.

These set forth factual event happened in  courtroom 483 that I've stated in my  sworn witness Affidavit and, I Mrs. Colleen Gardner  hereby declare  that my witness statement is true and correct.

6-4-2025

Colleen Gardner

Commonwealth of Pennsylvania - Notary Seal
Theresa W. McL.  Notary Public
Philadelphia County
My Commission Expires February 25, 2027
Commission Number 1285543

Theresa McLeod

12

Pg #2.

**Witness Affidavit:**

During Wade Booth v. Inglis House Corp. No# 180902162 ,Motion To Compel Discovery held before Common Pleas Court Judge M. Younge.

I Colleen Gardner was an Power of Attorney for my Mental incapacitated brother Wade Booth.

My brother Wade Booth had a Premise liability claim against the Inglis House Corp. My former neighbors Philadelphia Common Pleas Court Judge Younge was the judge assigned to this claim.

There was a Motion To Compel Discovery hearing on February 13th 2019 with Common Pleas Court judge Milton Younge and the Inglis house Corp Attorney Mr. Jeffery McDonnell; along with Wade Booth and Colleen Gardner, with my other brother Timothy Booth

I was sitting in the court room when Judge Younge looked up and seen myself and my brother wade booth and when my other brother Timothy Booth entered the courtroom. Judge Younge order all of us to leave his courtroom to see if the Discovery dispute could be resolved and Then Common Pleas Court Judge Milton Younge said to the audience in the courtroom that he had actually grew up with Myself and Wade and Timothy Booth as Childhood neighbors.

Judge Younge then said at the Motion to compel discovery on 2-13-2019, that he was going recuse himself from my brother Wade Booth premise liability claim against the inglis House Corp.

1082

13

We grew up 5947 Wharton st and judge Milton Younge address was 5943 Wharton St Philadelphia pa 19143

On 2 -21-2019 Judge as Younge issued a order compelling discovery, then on March 1st 2019 after Judge Younge had recused himself, the premise liability claim reassigned to Common Pleas Court Judge Linda Carpenter .

Judge Younge had Disqualified himself because we were former neighbor growing up.

I hereby state that Philadelphia Common Pleas Court Judge John Milton Younge Judge Younge statement was recorded by the court stenographer during the Motion to compel discovery hearing

I Colleen Gardner Hereby Declare That my afford mentioned statement is true and correct under the penalty governing perjury

Dated  04-15-2025

Signed by

*Colleen Gardner*

2 of 2

14

EXHIBIT MARKED #4. WITNESS AFFIDAVIT
STATEMENT ON APPELLANT TIMOTHY
BOOTH BEING BITTEN BY JUDGE JOHN
MILTON YOUNGE DOG AND THE
CONTENTIOUS RELATIONSHIP
AFTERWARDS.  THIS WITNESS ALSO
EXPLAIN WHY THERE WAS NO LITIGATION
FILED BY TIMOTHY BOOTH  CONCERNIG
JUDGE JOHN MILTON YOUNGE DOG
BITTING TIMOTHY BOOTH

WITNESS AFFIDAVIT

Ex 4.

Commonwealth of Pennsylvania - Notary
Thomas W. Mei ·          Notary Public
My Commission         Philadelphia County
- Commission         February 25, 2027
- Commission 1286543

I Mrs. Lorraine Booth hereby declare that

My family lived at 5947 Wharton Street Philadelphia Pa.
19143.

Judge John Milton Younge lived at 5943 Wharton street
Philadelphia Pa. 19143.

There was only one house in between our homes.

I know and can truly say that when Judge John  Milton
Younge was a young adult,  he didn't care for or like my
son Timothy Booth especially after Timothy was Bitten on
his leg by Judge John Milton  Younge family dog.

This happened inside the Younge family house enclosed
front porch after Timothy had carried groceries into their
home for Judge John Milton Younge  father. Mrs. Younge
told me that she didn't close the door all the way and
their dog ran on to the porch and bite Timothy on his leg.

Timothy worked at the neighborhood grocery store
around the corner on 5900 Baltimore Avenue

16                                        Pʰ1. of 3.

Ex 4a

Philadelphia Pennsylvania 19143 .

Judge John Milton Younge and my son Timothy Booth had many Interactions when they were both young adults. Some were on our block and in the driveway. Then there were times at the neighbor store when Timothy waited on John Milton Younge who was buying Groceries items.

My son Timothy booth received a Tetanus shot after being bit by Judge John Milton Younge Dog at the hospital located at 54th Cedar Ave Philadelphia Pa.19143.

I Lorraine Booth as Timothy Booth Mother told him to don't carry his behind back inside of Judge John Milton Younge parents house anymore after he came home from receiving the Tetanus shot at the hospital because of being bitten by Judge John Milton Younge Dog.

I read the statement that Judge John Milton Younge Said in his court order, questioning why Timothy didn't sue him or his family after being bitten by their dog.

Timothy booth was a young minor when Judge John Milton Younge Dog had bitten him and he wouldn't have

Ex4b

sue because it would have been my responsibility as his parent to file a claim. Since we were neighbors and a sincere apology was given, I just told Timothy to never go back inside of the Younges family home and if he was asked to carry some bags, then he could place the bags on the outside front   steps but don't ever go back inside of Judge John Milton Younge house anymore.

Just like I can vividly recall and remember certain stand out events from all my children young lives. I do remember these set forth facts that I've stated in my witness Affidavit and, I Lorraine Booth hereby declare that my witness statement is true and correct.

*Lorraine Booth*

4-12-25

*Theresa McLeod*

Commonwealth of Pennsylvania - Notary Seal
Theresa W. McLean - Notary Public
Philadelphia County
My Commission Expires February 25, 2027
Commission Number 1396543

18

Pg # 382

EXHIBIT MARKED #5. IS FROM THE INGLIS HOUSE ATTORNEY JEFFERY MCDONNELL THAT CONFIRMS THAT JUDGE JOHN MILTON YOUNGE RECUSED HIMSELF FROM WADE BOOTH LITIGATION.  THE INGLIS HOUSE ATTORNEY SAID THAT HE DIDN'T HAVE ANY OBJECTION TO JUDGE YOUNGE RECUSING HIMSELF BECAUSE OF BEING FORMER NEIGHBORS WITH WADE BOOTH THE PLAINTIFF.

VINCENT M. CARITA♦
ROBERT F. CERINO♦
BRIAN J. DURKIN♦
RICHARD A. GERBER♦
MICHAEL R. HARDING♦

♦ALSO MEMBER OF NJ BAR
†BOARD CERTIFIED CIVIL TRIAL
ADVOCATE BY THE NATIONAL
BOARD OF TRIAL ADVOCACY

LAW OFFICES OF
# STEVEN J. TEGRAR
A *CNA* LITIGATION COUNSEL OFFICE *
1600 MARKET STREET, SUITE 2020
PHILADELPHIA, PA 19103
MAIN: (215) 448-3300
FAX: (866) 681-6247

JEFFREY W. MCDONNELL*
JUNE A. TAIMA
STEVEN J. TEGRAR
THANE C.J. TROTMAN
LYNDA VOLPE-EVANS

*CNA is a registered service mark of CNA Financial Corporation.
Attorneys are employees of Continental Casualty Company,
an underwriting company authorized to use the CNA service mark.

Writer's Direct Dial: 215-448-3325
Email: jeffrey.mcdonnell@cna.com

March 6, 2019

Via Certified Mail-Return Receipt Requested
and Regular Mail
Mr. Wade Booth
c/o Ms. Colleen Gardner 4215 Filbert Street
Philadelphia, PA 19104

Re: Booth, Wade vs. Inglis House
    Legal File No.: 1181615090
    Claim No.: E2D74440 BD
    C.C.P., Philadelphia County, September Term, 2018, No.: 02162

Dear Ms. Gardner

In Response to Judge J. Milton Younge, verbal Declaration of Disqualifying himself from the above referenced matter because he and Wade were former adolescents neighbors, I have absolutely no objection to this matter begin reassigned to another Judge of this Court Discretion.

Very truly yours,

*Jeffrey W. McDonnell*

JEFFREY W. MCDONNELL

JWWds
Enclosure

20

STEVEN J. ~~~~~~
A CNA LITIGATION COUNSEL OFFICE
1600 MARKET STREET, SUITE 2020
PHILADELPHIA, PA 19103
MAIN: (215) 448-3300
Fax: (866) 681-6247

*CNA is a registered service mark of CNA Financial Corporation.
Attorneys are employees of Continental Casualty Company,
an underwriting company authorized to use the CNA service mark.

Ex 5a

Writer's Direct Dial: 215-448-3338
Email: jeffrey.mcdonnell@cna.com

March 12, 2019

*Via Certified Mail-Return Receipt Requested*
*and Regular Mail*
Mr. Wade Booth
c/o Ms. Colleen Gardner
4215 Filbert Street
Philadelphia, PA 19104

Re:  Booth, Wade vs. Inglis House
     Legal File No.:  1181615090
     Claim No.:  E2D74440 BD
     C.C.P., Philadelphia County, September Term, 2018, No.: 02162

Dear Ms. Gardner:

Please be advised that I am in receipt of the CD you produced. However, my staff cannot access documents saved on it. Please forward hard or paper copies of those documents.

Very truly yours,

JEFFREY W. MCDONNELL

JWM/ds
Enclosure

21


The Philadelphia Courts
Civil Docket Access


No Items in Cart | LOGIN
Civil Docket Report
A $5 Convenience fee will be added to the transaction at checkout.

**Case Description**

Ex 5b

| | |
|---|---|
| **Case ID:** | 180902162 |
| **Case Caption:** | BOOTH VS INGLIS HOUSE CORP |
| **Filing Date:** | Monday , September 17th, 2018 |
| **Court:** | MAJOR JURY-EXPEDITED |
| **Location:** | CITY HALL |
| **Jury:** | JURY |
| **Case Type:** | BAD FAITH |
| **Status:** | PRAEC/SETTLE DISCONTINUE END |

**Related Cases**

181203838

**Case Event Schedule**

| Event | Date/Time | Room | Location | Judge |
|---|---|---|---|---|
| DISCOVERY HEARING | 20-NOV-2019 09:00 AM | CITY HALL | COURTROOM 480 | |

**Case motions**

*No case motions were found.*

**Case Parties**

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | 8 | | PLAINTIFF | BOOTH, WADE |
| **Address:** 4215 FILBERT ST PHILADELPHIA PA 19104 | | **Aliases:** *none* | | |
| | | | | |
| 2 | 4 | | DEFENDANT | INGLIS HOUSE CORPORATION |
| **Address:** 2600 BELMONT AVE PHILADELPHIA PA 19131 | | **Aliases:** *none* | | |
| | | | | |



| | | | |
|---|---|---|---|
| **Docket Entry:** | NOTOCE OF PLAINTIFF'S ANSWER TO DEFENDANTS INTERROGATORIES AND PRODUCTION REQUEST. SENT BY REGULAR MAIL ON 2/27/19. | | |

| | | | |
|---|---|---|---|
| 01-MAR-2019 01:48 PM | MOTION ASSIGNMENT UPDATED | | |
| **Docket Entry:** | 57-19013957 REASSIGNED TO JUDGE CARPENTER, LINDA ON 01-MAR-19 | | |

| | | | |
|---|---|---|---|
| 06-MAR-2019 03:28 PM | MOTION ASSIGNED | | |
| **Docket Entry:** | 06-19025506 EMERGENCY MOTION/PET FILED ASSIGNED TO JUDGE: YOUNGE, JOHN M. ON DATE: MARCH 06, 2019 | | |

| | | | |
|---|---|---|---|
| 08-MAR-2019 02:57 PM | PRAECIPE TO SUPPL/ATTACH FILED | BOOTH, WADE | |
| **Documents:** | Click link(s) to preview/purchase the documents  PRATT_73_001.pdf | | Click HERE to purchase all documents related to this one docket entry |
| **Docket Entry:** | 61-19015061 PRAECIPE TO ATTACH BRIEF IN SUPPORT OF MOTION TO SANCTIONS FILED | | |

| | | | |
|---|---|---|---|
| 11-MAR-2019 02:40 PM | ANSWER (MOTION/PETITION) FILED | MCDONNELL ESQ, JEFFREY W | |
| **Documents:** | Click link(s) to preview/purchase the documents  2019-03-11-Booth - Response to motion for evidentiary hearing.pdf  Motion CoverSheet Form | | Click HERE to purchase all documents related to this one docket entry |
| **Docket Entry:** | 33-19025633 ANSWER IN OPPOSITION OF MISCELLANEOUS MOTION/PETITION FILED. (FILED ON BEHALF OF INGLIS HOUSE CORP) | | |

| | | | |
|---|---|---|---|
| 13-MAR-2019 02:05 PM | MOTION ASSIGNED | | |
| **Docket Entry:** | 33-19025633 MISCELLANEOUS MOTION/PETITION ASSIGNED TO JUDGE: YOUNGE, JOHN M. ON DATE: MARCH 13, 2019 | | |

| | | | |
|---|---|---|---|
| 14-MAR-2019 04:15 PM | NOTICE FILED | BOOTH, WADE | |
| **Documents:** | Click link(s) to preview/purchase the documents  NOTFD_76.pdf | | Click HERE to purchase all documents related to this one docket entry |

23

| 04-APR-2019 02:54 PM | MOTION ASSIGNMENT UPDATED | | |
|---|---|---|---|
| **Docket Entry:** | 06-19025506 REASSIGNED TO JUDGE CARPENTER, LINDA ON 04-APR-19 | | |

| 04-APR-2019 02:56 PM | MOTION ASSIGNMENT UPDATED | | |
|---|---|---|---|
| **Docket Entry:** | 33-19025633 REASSIGNED TO JUDGE CARPENTER, LINDA ON 04-APR-19 | | |

| 10-APR-2019 02:49 PM | MOTION TO CONSOLIDATE | MCDONNELL ESQ, JEFFREY W | |
|---|---|---|---|
| **Documents:** | ⬇ Click link(s) to preview/purchase the documents<br>2019-04-10-Booth-motion to consolidate.pdf **(CONFIDENTIAL DOCUMENT)**<br>2019-04-10-Booth-Confidential Document Form.pdf **(CONFIDENTIAL DOCUMENT)**<br>2019-04-10-Booth-ExhibitA.1.pdf **(CONFIDENTIAL DOCUMENT)**<br>2019-04-10-Booth-ExhibitB.1.pdf **(CONFIDENTIAL DOCUMENT)**<br>2019-04-10-Booth-Exhibit C.1.pdf **(CONFIDENTIAL DOCUMENT)**<br>Motion CoverSheet Form<br>Confidential Document Form | 🛒 **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | 54-19041454 RESPONSE DATE 05/01/2019. FILED UNDER 180902162 REQUESTING CONSOLIDATION WITH 180902162, 181203838. | | |

| 10-APR-2019 02:49 PM | NOTICE FILED | MCDONNELL ESQ, JEFFREY W | |
|---|---|---|---|
| **Docket Entry:** | 54-19041454 NOTICE: A MOTION TO CONSOLIDATE WAS FILED ON THIS DATE IN 180902162 REQUESTING CONSOLIDATION WITH 180902162, 181203838. | | |

| 10-APR-2019 04:24 PM | MOTION TO REMAND TO ARB | MCDONNELL ESQ, JEFFREY W | |
|---|---|---|---|
| **Documents:** | ⬇ Click link(s) to preview/purchase the documents<br>2019-04-10-Booth-motion remand arbitration.pdf **(CONFIDENTIAL DOCUMENT)**<br>2019-04-10-Booth-ExhibitA.1.pdf **(CONFIDENTIAL DOCUMENT)**<br>2019-04-10-Booth-ExhibitB.1.pdf **(CONFIDENTIAL DOCUMENT)**<br>2019-04-10-Booth-Exhibit C.2.pdf **(CONFIDENTIAL DOCUMENT)**<br>Motion CoverSheet Form<br>Confidential Document Form | 🛒 **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | 63-19041463 RESPONSE DATE 05/01/2019. (FILED ON BEHALF OF INGLIS HOUSE CORP) | | |

EXIHIBIT MARKED # 6. IS FROM JUDGE
JOHN MILTON YOUNGE RULING IN
SUMMARY JUDGMENT FOR 20-CV-01751,
JUDGE JOHN MILTON YOUNGE SAID THAT
TIMOTHY BOOTH DIDN'T SUFFER ANY
ADVERSE HARM FROM THE DEFENDANTS
EMPLOYMENT DISCRIMINATION ACTIONS.

( BUT IN A FALSE CLAIM ACT OF
RETALIATORY WRONGFUL TERMINATION
BECAUSE OF THE WHISTLE BLOWING
COMPLAINT , WRONGFUL TERMINATION
BECAUSE OF THE WHISTLEBLOWING
COMPLAINT IS A ADVERSE HARM  FROM
FILING THE WHISTLEBLOWING
COMPLAINT AGAINST THE DEFENDANTS)

$Ex6$

being both Black and Muslim, and that Plaintiff is qualified for the position he has been
employed in at all relevant times.

      a.  There Has Been No Discernible Adverse Employment Action.

An adverse employment action is one that is "serious and tangible enough to alter an
employee's compensation, terms, conditions, or privileges of employment." *Storey v. Burns Int'l
Sec. Servs.*, 390 F.3d 760, 764 (3d Cir. 2004). This can be shown by evidencing a materially
adverse change to the terms or conditions of employment. *Glanzman v. Metro. Mgmt. Corp.*,
290 F. Supp. 2d 571, 582 (E.D. Pa. 2003) (citing *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742,
761 (1998)). "Mere inconvenience" does not satisfy this requirement. *Id.* This adverse
employment action must usually inflict economic harm and be taken by a supervisor with the
ability to make decisions inflicting such economic harm. *Id.*

Plaintiff has not asserted a discernible adverse employment action. He has alleged,
among other things, that the previous location where he had prayed pursuant to his religion was
no longer available to him (Am. Compl. ¶¶ 50-55, ECF No. 37), that the door to the female
locker room was padlocked such that he had to first retrieve a key to perform his job duties (Am.
Compl. ¶¶ 37-38), that he was badmouthed by a fellow employee (Am. Compl. ¶ 22), that he had
been verbally abused in six separate workplace arguments (Am. Compl. ¶¶ 16, 22, 27, 32-33, 38,
66-69), and that he had been subjected to an allegedly retaliatory disciplinary charge, prompting
him to be permanently out sick with mental health issues the next day (Am. Compl. ¶¶ 110).

Even assuming that Plaintiff's assertions are true, the actual terms and conditions of
Plaintiff's employment were unchanged beyond what amounts to a minor inconvenience to his
ability to efficiently perform his work, and Plaintiff suffered no economic harm because of any
of the aforementioned actions. Furthermore, the mere presentation of a potential disciplinary

Ex 6a.

particularly where he specifically denied it. Furthermore, as has already been established,

✗ Plaintiff has not shown that he has been subjected to an adverse employment action based either

on his membership in a protected class or his complaints. *See also Boykins v. SEPTA*, 722 F.

App'x 148, 159 (3d Cir. 2018) (finding that isolated acts of criticism, false accusations and

verbal reprimands are not retaliatory harassment constituting an adverse employment action). As

such, Plaintiff has failed to establish a *prima facie* case for retaliation in violation of Title VII.

      C.    **Plaintiff's Remaining State Claims Will Be Dismissed Without Prejudice.**

A district court may decline to exercise supplemental jurisdiction over state law claims

after dismissal of all federal claims in an action. *See* 28 U.S.C. § 1367(c)(3) (providing that a

district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the

district court has dismissed all claims over which it has original jurisdiction"). Having failed to

establish a federal claim, Plaintiff's remaining state law claims, including claims for violation of

the PWL, assault, intentional infliction of emotional distress, and invasion of privacy, will be

dismissed without prejudice.

**V.    CONCLUSION**

For the foregoing reasons, Defendants' Motions will be Granted in Part as to Counts One

through Seven. Counts Eight through Eleven are Dismissed without Prejudice for refiling, if at

all, in state court.

An appropriate Order follows.

**IT IS SO ORDERED.**

                                  BY THE COURT:

                                  /s/ John Milton Younge
                                  **Judge John Milton Younge**

27

EXHIBIT MARKED # 7. DISPUTE JUDGE
JOHN MILTON YOUNGE CLAIM THAT I
DIDN'T OBJECT TO HIS PRESIDING OVER
MY STATE LAW CLAIM NOV.TERM 2023
O680. THIS CLEARLY SHOWS THAT IT WAS
THE CITY LAWYER WHOM HAD TIMOTHY
BOOTH REFILED STATE LAW CLAIM
TRANSFERRED BACK TO UNITED STATES
COURT JUDGE JOHN MILTON YOUNGE.

ACTUAL SAID WE WILL GET THE STATE LAW
CLAIM BEFORE JUDGE JOHN MILTON
YOUNGE.

28

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY BOOTH, | : | |
| | : | **Civil Action No.** |
| **Plaintiff,** | : | |
| | : | **Formerly** |
| **v.** | : | |
| | : | **Court of Common Pleas of** |
| | : | **Philadelphia** |
| **CAPTAIN SCOTT DRISSEL,** | : | |
| **LT. TAMIKA ALLEN,** | : | |
| **SGT. BRIAN MCMENAMIN,** | : | **November Term 2023 No. 0680** |
| | : | |
| **Defendants.** | : | |

## NOTICE OF REMOVAL

**To the Honorable Judges of the United States District Court for the Eastern District of Pennsylvania:**

Pursuant to 28 U.S.C. § 1441, defendants Captain Scott Drissel and Sgt. Brian McMenamin (hereinafter "petitioners"), through their counsel, Nicole S. Morris, Chief Deputy City Solicitor, respectfully petition for the removal of this action to the United States District Court for the Eastern District of Pennsylvania. In support thereof, defendants state the following:

1. On November 6, 2023, plaintiff initiated this action by filing a Complaint, in the Court of Common Pleas of Philadelphia, November Term 2023, No. 0680. See Exhibit A, Plaintiff's Complaint.

2. Plaintiff served all three defendants with the Complaint on November 6, 2023, by service upon the Law Department. See Exhibit B, email regarding service of the complaint.

3. In his Complaint, Plaintiff alleges that defendants violated his federal rights and federal law by both discriminating against him on the basis of his religion and race

1

$Ex^7a$

and for allegedly retaliating against him. Exhibit A, ¶ 2.

4.  This action may be removed to this Court pursuant to 28 U.S.C. § 1441 because Plaintiff's Complaint contains allegations of violations of 42 U.S.C. § 2000e -3(a) and seeks relief under federal law.  Exhibit A, ¶¶ 1-4, Count I.

5.  Defendant Lt. Tamika Allen, through her counsel, consents to the removal of this action. See Exhibit C.

**Wherefore,** Petitioners respectfully requests that the captioned Complaint be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Date: November 27, 2023

Nicole S. Morris
Chief Deputy City Solicitor
Attorney I.D. No. 88265
City of Philadelphia Law Department
1515 Arch Street, 16th Floor
Philadelphia, PA  19102
215-847-9019

2

30

en



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TIMOTHY BOOTH,** | : | |
| **Plaintiff,** | : | **Civil Action No.** |
| | : | **Formerly** |
| **v.** | : | |
| | : | **Court of Common Pleas of** |
| | : | **Philadelphia** |
| **CAPTAIN SCOTT DRISSEL,** | : | |
| **LT. TAMIKA ALLEN,** | : | |
| **SGT. BRIAN MCMENAMIN,** | : | **November Term 2023 No. 0680** |
| **Defendants.** | : | |

## CERTIFICATE OF SERVICE

I, Nicole S. Morris, Deputy City Solicitor do hereby certify that a true and correct copy of the attached Notice of Removal and attachments have been served upon the following by electonic mail on the date indicated below:

TO:    Timothy Booth
        Timothybooth21@gmail.com

Date: November 27, 2023

Nicole S. Morris
Deputy City Solicitor
Attorney I.D. No. 88265
City of Philadelphia Law Department
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215-683-5075

31

Ex 7c

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY BOOTH, | : | |
| Plaintiff, | : | Civil Action No. |
| | : | Formerly |
| v. | : | |
| | : | Court of Common Pleas of |
| | : | Philadelphia |
| CAPTAIN SCOTT DRISSEL, | : | |
| LT. TAMIKA ALLEN, | : | |
| SGT. BRIAN MCMENAMIN, | : | November Term 2023 No. 0680 |
| Defendants. | : | |

### NOTICE OF FILING OF REMOVAL

TO:   Timothy Booth
      Timothybooth21@gmail.com

PLEASE TAKE NOTICE THAT on November 27, 2023, Defendants filed in the

office of the Clerk of the United States District Court for the Eastern District of

Pennsylvania a verified Notice of Removal.

A copy of this Notice of Removal is attached hereto and is also being filed with the

Clerk of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United

States Code, Section 1446(e).

_Nicole S. Morris_

Nicole S. Morris, Esq.
Chief Deputy City Solicitor
Attorney I.D. No. 88265
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
215-847-9019

32



## Booth v. Drissel, Allen, McMenamin - state court complaint

1 message

**Nicole Morris** <Nicole.Morris@phila.gov>                                    Wed, Nov 29, 2023 at 2:22 PM
To: timothybooth21@gmail.com <timothybooth21@gmail.com>

Mr. Booth, I am in receipt of the complaint you filed against Captain Drissel, Lt. Allen and Sgt. McMenamin. Please be advised that the complaint contains allegations dismissed by Judge Younge, specifically the federal claims in paragraphs 1-4 and Count I.

Please file an Amended Complaint removing those federal claims. If you do not, I will remove the action to federal court and request assignment to Judge Younge, or I will file a motion in state court to dismiss your complaint.

Thank you.

Nicole S. Morris (she/her)

Chief Deputy City Solicitor

Labor & Employment Unit

City of Philadelphia Law Department

1515 Arch Street, 15th floor

Philadelphia, PA 19102

nicole.morris@phila.gov

215-847-9019

33

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

Ex 7C

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Timothy Booth

**(b)** County of Residence of First Listed Plaintiff **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
pro se

## DEFENDANTS
Captain Scott Drissel, Lt. Tamika Allen, Sgt. Brian McManamin

County of Residence of First Listed Defendant **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Nicole S. Morris, Chief Deputy City Solicitor

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ | | **INTELLECTUAL** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | **IMMIGRATION** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | ☐ 462 Naturalization Application | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 448 Education / ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File | |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. section 1983
Brief description of cause:
discrimination, retaliation, torts

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:
JUDGE **Younge**
DOCKET NUMBER **20-1751**

DATE
November 27, 2023

SIGNATURE OF ATTORNEY OF RECORD
*s/ Nicole S. Morris*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP **34** JUDGE _____ MAG. JUDGE _____



Ex 7F

## Objection to your request to change venues
1 message

**Timothy Boothe** <timothybooth21@gmail.com>                     Fri, Dec 1, 2023 at 6:46 PM
To: nicole.morris@phila.gov

I will file file in the Commonwealth court of Pennsylvania a motion to block your attempt to get my
personal injury claim transfer to the federal court.
My claim isn't a civil right violations claim but rather it's a personal injury claim.
I stated what happened and the civil rights violations that you clients knownly committed is the
causation for my personal injuries.
Were not for you clients action that violated my civil rights i would not have suffered the personal
injuries to which i seek relief from in the Commonwealth court court.
You did not read my complaint because i changed it as instructed by judge younge.
I still can state my claim to which i seek relief and you know this.
I filed my claim in Commonwealth court.
I filed q motion for evidentiary hearing for the genuine facts in dispute.

My claim i demanded a jury trial and not arbitration.
My claim i asked for compensatory relief as well as punitive damages from SCOTT DRISSEL and
TAMIKA ALLAN and Brian MCMENAMIN.
For the depraved and deliberate pain and suffering that the caused me.
You. Had pervious filed in the United States District statement and evidence that you knew to be false to
influence judge younge decision .
Judge younge erred because he didn't consider the fact that i had already filed a 50 page motion for
evidentiary hearing and 44 pages i listed genuine facts in dispute.

Your trying to hand pick judge younge because you deceive him already and want to do it again.
As i stated you can file in Commonwealth court a motion to dismiss but I'm going to oppose you
attempt to change venues for my personal injury claim from the state to the federal courts.

35

---

EXHIBIT MARKED #8. IS FROM THIS VERY
OWN CIRCUIT CIRCUIT COURT OF
APPEALS DECISION IN 23-3004, THIS
COURT RULED THAT SINCE TIMOTHY
BOOTH DIDN'T BRING UP THE FACT OF
JUDGE JOHN MILTON YOUNGE BEING HIS
FORMER NEIGHBORS IN THE DISTRICT
COURT, THEN THE COURT OF APPEALS
WOULDN'T HEAR THAT AS AN ARGUMENT
IN THAT APPEAL FROM SUMMARY
JUDGMENT.

37

Ex 8

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 23-3004

TIMOTHY BOOTH,
Appellant

v.

CAPT. SCOTT DRISSELL; LT. TAMIKA ALLAN;
SGT. BRIAN MCMENAMIN; CITY OF PHILADELPHIA

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 2:20-cv-01751)
District Judge: Honorable John M. Younge

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
August 13, 2024
Before: JORDAN, PHIPPS, and NYGAARD, Circuit Judges

**JUDGMENT**

This cause came to be considered on the record from the United States District
Court for the Eastern District of Pennsylvania and was submitted pursuant to Third
Circuit L.A.R. 34.1(a) on August 13, 2024. On consideration whereof, it is now hereby
ORDERED and ADJUDGED by this Court that the judgment of the District Court
entered November 1, 2023, be and the same is hereby affirmed. Costs taxed against the
Appellant. All of the above in accordance with the opinion of this Court.

38

Ex 8q

Second, with regard to Booth's claims of discrimination: Even if the District Court would differently assess the "adverse action" piece of the prima facie case under McDonnell Douglas following Muldrow v. City of St. Louis, Missouri, 601 U.S. ——, 144 S. Ct. 967 (2024), see, e.g., Peifer v. Bd. of Prob. & Parole, C.A. No. 23-1081, —— F.4th ——, 2024 WL 3283569, at *4–5 (3d Cir. July 3, 2024) (elucidating Muldrow's holding "that, contrary to our prior precedent, an employee need not demonstrate that the asserted adverse employment action was a 'serious and tangible' employment-related harm") (citation omitted), there is no reason to remand, given the District Court's alternative (and correct) determination that the record lacks any indicia of discriminatory intent on the part of the three police officers. The officers may have directed harsh words and other acts of mistreatment at Booth, but unlike discrimination traceable to a protected class, disdain based on interpersonal conflict is not actionable under § 1983.

With that said, we will affirm the judgment of the District Court.[7]

---

than in mere employee speech on matters of concern personal to Booth. Cf. Javitz v. Catv. of Luzerne, 940 F.3d 858, 863–67 (3d Cir. 2019).

[7] Insofar as Booth's multiple references to his having been bitten by the District Judge's mother's dog when Booth and the District Judge were children is meant to be an argument that the District Judge should have recused, we decline to consider it, the argument being raised for the first time on appeal, see Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 251 (3d Cir. 1998), as amended (Sept. 8, 1998), in a reply brief, see Barna v. Bd. Of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 146 (3d Cir. 2017).

5

202̃2

EXHIBIT MARKED # 9  IS UNITED STATES
EASTERN DISTRICT COURT JUDGE JOHN
MILTON YOUNGE DECISION TO DENY
APPELLANT MOTION TO RECUSE HIM
FROM HIS FALSE CLAIM ACT RETALIATORY
WRONGFUL TERMINATION BECAUSE OF
THE WHISTLE BLOWING COMPLAINT, AND
THEN WITH PREJUDICE TOWARDS
PLAINTIFF TIMOTHY BOOTH DISMISSED
THE FALSE CLAIM ACT LITIGATION WITH
PREJUDICE TO TIMOTHY BOOTH BEING
ABLE TO FILE IT AGAIN, STATE OR FEDERAL
COURT.

40

Ex: 9

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TIMOTHY BOOTH,                      :
    Plaintiff,                  :
                                :
    v.                          :    **CIVIL ACTION NO. 25-CV-0984**
                                :
THE CITY OF PHILADELPHIA            :
POLICE DEPARTMENT, *et al.*,        :
    Defendants.                 :

### ORDER

AND NOW, this 7th day of April, 2025, upon consideration of Plaintiff Timothy Booth's

Motion to Proceed *In Forma Pauperis* (ECF No. 1) and Complaint (ECF No. 2), it is

**ORDERED** that:

    1.    Leave to proceed *in forma pauperis* is **GRANTED.**

    2.    The Complaint is **DEEMED** filed.

    3.    The Complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii) for the reasons stated in the Court's Memorandum.

    4.    The Clerk of Court is **DIRECTED** to mark this case closed.

                            **BY THE COURT:**

                            /s/ John Milton Younge
                            **JOHN MILTON YOUNGE, J.**

41

Ex 9a

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

TIMOTHY BOOTH       :
            :  No. 25-cv-984-JMY
   vs.        :
            :
THE CITY OF PHILADELPHIA POLICE :
DEPARTMENT and CAPTAIN   :
SCOTT DRISSEL.      :

## ORDER

**AND NOW**, this 7th day of April, 2024, upon consideration of the Plaintiff's Motion to

Disqualify and Recuse United States District Court Judge Younge[1] (ECF No. 5), it is hereby

**ORDERED** that said Motion is **DENIED**.[2]

It is so **ORDERED**.

### BY THE COURT:

        /s/ John Milton Younge
        Judge John Milton Younge

---

[1] In his motion to disqualify and/or recuse, Plaintiff cites to 28 U.S.C. § 455(a) and 28 U.S.C. § 455(b) which reads in relevant part:

(a) Any justice, judge, or magistrate [magistrate judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in

42

Ex 9b

controversy or in a party to the proceeding, or any other interest that could be
substantially affected by the outcome of the proceeding;
(5) He or his spouse, or a person within the third degree of relationship to either of
them, or the spouse of such a person: (i) Is a party to the proceeding, or an officer,
director, or trustee of a party; (ii) Is acting as a lawyer in the proceeding; (iii) Is
known by the judge to have an interest that could be substantially affected by the
outcome of the proceeding; (iv) Is to the judge's knowledge likely to be a material
witness in the proceeding.

28 U.S.C. § 455.

Under Section 455(a), the inquiry into whether a judge's "impartiality might reasonably
be questioned," is an objective one, and the Court must determine whether "a reasonable man
knowing all the circumstances would harbor doubts concerning the judge's impartiality."
*Edelstein v. Wilentz*, 812 F.2d 128, 131 (3d Cir. 1987) (*quoting United States v. Dalfonso*, 707
F.2d 757, 760 (3d Cir. 1983)). Motions to recuse under Section 455(a) "must rest on the kind of
objective facts that a reasonable person would use to evaluate whether an appearance of
impropriety had been created, not on 'possibilities' and unsubstantiated allegations." *United
States v. Martorano*, 866 F.2d 62, 68 (3d Cir. 1989). As a result, a judge need not accept as true
the movant's allegations, but may contradict them with facts drawn from his or her own personal
knowledge. *United States v. Sciarra*, 851 F.2d 621, 625 n.12 (3d Cir. 1988). "[A] judge need not
recuse himself based on the 'subjective view of a party' no matter how strongly that view is
held." *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990). Ultimately, Section 455(a)
serves to protect the public's confidence in the judiciary. *United States v. Bertoli*, 40 F.3d 1384,
1412 (3d Cir. 1994). Therefore, "[a] trial judge has as much obligation not to recuse himself
when there is no reason to do so as he does to recuse himself when there is reason to do so."
*Smith v. Danyo*, 441 F. Supp. 171, 175 (M.D. Pa. 1977).

When applying the test for recusal under Section 455(a), the court evaluates the objective
appearance of bias which requires recusal where a "reasonable person, with knowledge of all the
facts, would conclude that the judge's impartiality might reasonably be questioned." *In re
Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004). Unlikely Section 455(a), however, the
evaluation under Section 455(b)(1) requires not just the appearance of partiality, but a showing
of actual bias or prejudice held. *United States v. Sciarra*, 851 F.2d 621, 635 (3d Cir. 1988)
(*citing United States v. Nobel*, 696 F.2d. 231, 235 (3d Cir. 1982)). Therefore, Section 455(b)(1)
requires bias-in-fact. *United States v. Sciarra*, 851 F.3d 635.

Both Section 455(a) and Section 455(b)(1) require the existence of extrajudicial bias to
mandate recusal or disqualification. *Liteky v. United States*, 510 U.S. 540, 543-56 (1994);
*Johnson v. Trueblood*, 629 F.2d 287, 290-91 (3d Cir. 1980); *Resident Advisory Bd. v. Rizzo*, 510
F. Supp. 793, 796-97 (E.D. Pa. 1981). "Extrajudicial bias refers to a bias that is not derived from
the evidence or conduct of the parties that the judge observes in the course of proceedings."
*Johnson*, 629 F.2d at 291; *see also United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)
("The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and
result in an opinion on the merits on some basis other than what the judge learned from his
participation in the case."); *United States v. Gilboy*, 162 F. Supp. 384, 393-94 (M.D. Pa. 1958)
(alleged bias must be personal and extrajudicial, not arising solely on the basis of court
proceedings). "[A] party's displeasure with legal rulings does not form an adequate basis for
recusal...." *Securacomm Consulting, Inc. v. Securacom, Inc.*, 224 F.3d 273, 278 (3d Cir. 2000);
*Groeber v. Friedman & Schuman P.C.*, 602 Fed. Appx. 69 (3d Cir. 2015) (district court did not

2

43

Ex 9c

abuse its discretion in denying former employee's motion for recusal because there was no extrajudicial source demonstrating bias beyond judicial ruling in the case).

    [2] Plaintiff has moved to disqualify and/or recuse me based on an alleged dog-bite incident that purportedly occurred at my parents' home more than fifty years ago. (*Motion to Disqualify.*) Plaintiff was a former neighbor who grew up two houses from my parents' home on Wharton Street in Philadelphia, Pennsylvania. (*Id.* ¶ 3.) Plaintiff alleges that when he was a child, he was helping my father carry groceries into my parent's home when the family dog named Cocco bit him on the leg. (*Id.*¶¶ 4, 5.) The dog-bite incident allegedly occurred in the enclosed porch of my parent's home, and Plaintiff avers that he received a vaccination and stiches at Mercy Hospital following the incident. (*Id.*)

    Plaintiff avers that after the incident, I allegedly accused Plaintiff of wrongdoing by suggesting that he had provoke or instigated Cocco. I purportedly told Plaintiff that "[he] must have [done] something for [my] family dog to bite [him]." (*Id.*) Plaintiff denies all wrongdoing in connection with the incident and maintains that he did not provoke Cocco. (*Id.*) Plaintiff now argues that this alleged statement, made some forty to fifty years ago, is illustrative of judicial bias which warrants disqualification/recusal.

    Curiously, if Plaintiff really believed this Court was biased against him, he never once raised such an allegation or suggestion, either through counsel or *pro se*, in the context of litigation filed in two recently filed two lawsuits that were assigned to me. On March 31, 2020, Plaintiff filed a counseled employment discrimination lawsuit in which I granted defendants' motions for summary judgment and relinquished jurisdiction over state law claims. *Booth v. Drissel*, No. 20-1751. On November 6, 2023, Plaintiff filed a second lawsuit in which he attempted to reassert many of the same claims that he previously advanced in his first lawsuit. *Booth v. Drissel*, No. 23-4741. Plaintiff's second lawsuit was disposed of when I granted defendants' motions to dismiss. (*Id.*) The nature and circumstances of this prior litigation will be explained in more detail in a separate Memorandum that I will file in connection with Plaintiff's pending *Motion to Proceed Informa Pauperis*. However, without engaging in a more detailed discussion, it is sufficient to say that the nature and timing of Plaintiff's motion to disqualify/recuse is highly suggestive of some dissatisfaction with my prior rulings in connection with litigation that was previously assigned to me which does not constitute proper grounds for recusal. *Securacomm Consulting, Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) ("[A] party's displeasure with legal rulings does not form an adequate basis for recusal.").

    I will begin my analysis of Plaintiff's motion to disqualify/recuse by examining Section 455(b). Sections 455(b)(2) through (b)(5) are inapplicable to my analysis because Plaintiff makes no factual allegations related to these subsections, so none of these subsections apply. I have no familiar, business or financial relationship with Plaintiff of which I am aware or that has been brought to my attention. Furthermore, I have never been involved in this lawsuit as a practicing attorney, nor is any attorney with whom I have ever practiced law. As such, the only remaining portion of Section 455(b) that potentially could be relevant, is subsection (1). Under Section 455(b)(1), a party must show actual bias, whereas under Section 455(a), merely the appearance of bias is all that is necessary. In this way, Section 455(a) not only expands the protection of Section 455(b), but duplicates its protection as well. *Liteky*, 510 U.S. at 552-553. Section 455(a) is an objective test which is more easily met than having to show a subjective, or actual bias. Therefore, the only issue before the Court is whether "a reasonable man knowing all the circumstances would harbor doubts concerning the judge's impartiality." *Edelstein*, 812 F.2d at 131.

44

Ex 9a

✳    Based on the facts asserted in Plaintiff's motion to disqualify/recuse, no reasonable person would believe that I harbor any ill will toward Plaintiff.  Without impugning the veracity or credibility of the Plaintiff, and to be quite clear on the matter, the Court has no independent recollection of any dog-bite incident involving Plaintiff having occurred at my parent's home, nor do I have any recollection of making any such statement accusing Plaintiff of wrongdoing by suggesting that he provoked the alleged dog bite.  To complicate matters further, both of my parents are now deceased, my father in 2004 and my mother in 2024.  Had the Plaintiff raised these allegations prior to my mother's decease, which occurred after both of his previous lawsuits were filed, I could have asked her whether she had any knowledge of the same.  I, therefore, have no way verify any of factual allegations in Plaintiff's motion to disqualify/recuse.  Assuming the accuracy of Plaintiff's rendition of events surrounding the alleged dog bite, he is describing events that transpired more than fifty years ago because Cocco passed away in the early 1970s.  Absent from Plaintiff's version of events is any claim that he, or his parents, took any legal action against my parents or Cocco.  Therefore, it would belie common sense to believe that I harbor any ill will towards Plaintiff based on a dog-bite incident that allegedly occurred more than fifty years ago at my parent's home.  This is especially true when Plaintiff's own account suggests that he and his parents were cordial and understanding towards my father and the dog.

Any personal and/or extrajudicial contact that I have had with Plaintiff is attenuated and tenuous at best because I moved out of my parent's home on Wharton Street some forty years ago.  To the best of my knowledge, the only contact that I have had with Plaintiff is in connection with randomly assigned litigation – except for the fact that he was my neighbor on Wharton Street over forty years ago.  The fact that I knew of Plaintiff some forty years ago is insufficient grounds to warrant recusal.  *Puricelli v. Borough of Morrisville*, 1993 U.S. Dist. LEXIS 10846, *10 (E.D. Pa. 1993) (Declining to find that members of the public [would believe that judges] are incapable of maintaining their impartiality any time one of the parties to a lawsuit is an acquaintance or has some other remote connection to or with the judge."); *Kliesh v. Redevelopment Auth. of Buck Cnty*, 2023 U.S. App. LEXIS 23626, *3-4 (3d Cir. 2023) (Concluding "that an objective observer would not reasonably question Judge Goldberg's impartiality based on his former professional acquaintance with the parties and their counsel."); *Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006) (holding that the presiding federal judge did not have to recuse merely because the litigant had sued her among many other federal judges.).

4/5

EXHIBIT MARKED # 10. IS FROM TIMOTHY BOOTH CIVIL SERVICE APPEAL FOR THE WRONGFUL TERMINATION.  HEARING WAS IN OCTOBER 2024. PER THE PHILADELPHIA CIVIL SERVICE COMMISSION POLICY AND PROCEDURES A DECISION WILL BE MADE WITH 90 TO 180 DAYS . THE CITY LAWYER CHRISTOPHER D'AMORE SAID THAT KNOW DECISION HAS BEEN MADE ( AFTER 8 MONTHS) WHICH BRINGS THE CAT PAW THEORY WRONGFUL TERMINATED WHILE ON AN APPROVED LEAVE OF ABSENCE FROM 10-11-23 UNTIL JANUARY 11TH 2024.

I WAS WRONGFUL TERMINATED ON NOVEMBER 28TH 2023 CUPABLE WITH THE AUDIO OF PATRICIA SULLIVAN SAYING THAT SHE WILL HAVE THE 17TH DISTRICT CAPTAIN TO TERMINATE ME FROM EMPLOYMENT IF I DON'T DISCLOSE MY LEGAL INTENTIONS TO THE PHILADELPHIA POLICE DEPARTMENT

46

 

EX 10

## Timothy Booth, Case# 5732

1 message

**Virna Clay** <Virna.Clay@phila.gov>                                    Thu, Oct 10, 2024 at 11:07 AM
To: Christopher D'Amore <Christopher.DAmore@phila.gov>, timothybooth21@gmail.com
<timothybooth21@gmail.com>
Cc: Tyesha Wilson <tyesha.wilson@phila.gov>

This hearing will proceed on October 29, 2024 at 11:30 a.m. via Zoom video conference and will be recorded. All attendees must have internet access via PC/laptop, tablet or smart phone with web camera, speakers and a microphone. Additional information on Zoom may be found at: https://support.zoom.us/hc/en-us/articles/206618765-Zoom-Video-Tutorials. Please note that the Commission will require personal email addresses for Appellants and witnesses in order to send notification of online hearings. Although online, the Commission expects that all participants will be dressed and groomed appropriately and mute their microphone when not in use and keep background noise to a minimum.

Parties are required to submit written opening statements, any stipulations, and all exhibits no later than 5:00 pm two (2) work-days prior to the hearing. The documents and written openings shall be submitted to the Commission via its email address at phl.csc@phila.gov. (Please add this address to your contact list.) Please copy opposing counsel (or Appellant if not represented by counsel) on your submission. However, if the exhibits are more than ten (10) pages, documents should be submitted via a zipped file, G Drive or similar document sharing program and provide the link to the documents (if applicable) via email along with the opening statement. Exhibits must be redacted of all personal information as listed in the Commission's guide found on our webpage, specifically – birth date and social security number.

NOTE: All attendees must have internet access via PC/laptop, tablet or smart phone with web camera, speakers and a microphone.

Thank you,

# Virna Foster-Clay

47

VIRNA FOSTER - CLAY, MBA



### Timothy Booth, Case# 5732 Termination Decision

1 message

**Virna Clay** <Virna.Clay@phila.gov>                                    Mon. Feb 10, 2025 at 10:30 AM
To: timothybooth21@gmail.com <timothybooth21@gmail.com>

**Mr. Booth,**
**Your regulation 22.022 hearing was held on October 29, 2024 at 11:30 AM**

**As per The Philadelphia Civil Service Commission Administrative Procedures, A decision will be made
approximately 90 to 180 days after the hearing has been closed.**

**You will have to wait until The C.S.C., Makes a decision on your Termination from Employment Appeal.**

**Thank you,**

# Virna Foster-Clay

**VIRNA FOSTER - CLAY, MBA**

**Administrative Specialist II**

**Civil Service Commission**

**1401 John F. Kennedy Boulevard - Room 1640**

**Philadelphia PA 19102**

**215.686.2321 215.686.2374**

**(Fax) virna.clay@phila.gov**

This communication and any attachments are for intended recipients only. They may contain confidential
and/or privileged information. If you are not the intended recipient, or believe you may have received this
communication in error, please do not review, disclose, disseminate, distribute or duplicate it or its contents.
Please notify the sender immediately by telephone or email, and delete the email and attachments without
making or retaining any copy

48



*Ex 10c*

## RE: Copy of filed Appellant timothy booth response to Appellee's application for time extension

1 message

---

**Christopher D'Amore** <Christopher.DAmore@phila.gov>                    Thu, Jun 26, 2025 at 9:53 AM
To: Timothy Boothe <timothybooth21@gmail.com>, Thomas G. Dougherty <tdougherty@schaffyoung.com>

Mr. Booth

I do not represent the City or any other party in this appeal. Mr. Dougherty is the attorney of record for the City in this matter.

I represented the City in two of your cases: 1) your appeal of your termination to the Civil Service Commission which was Civil Service case number 5732; and ██████████████████

██████████████. The Civil Service Commission has not yet issued a decision on your appeal of your termination. ███████████████████████████████████████

██████████████████████████████████████

Please be guided accordingly.

Christopher D'Amore

**From:** Timothy Boothe <timothybooth21@gmail.com>
**Sent:** Thursday, June 26, 2025 9:29 AM
**To:** Thomas G. Dougherty <tdougherty@schaffyoung.com>; Christopher D'Amore <Christopher.DAmore@Phila.gov>
**Subject:** Copy of filed Appellant timothy booth response to Appellee's application for time extension

49

IN THE UNITED STATES COURT OF APPEALS FOR THE
THIRD CIRCUIT

No. 25-1742

TIMOTHY BOOTH,

Appellant,

V

PHILADELPHIA POLICE DEPARTMENT, ET AL.,

Appellees.

MOTION TO ATTACH ADDITIONAL EXHIBITS-WITH APPELLANT INFORMAL
BRIEF.

MOTION TO EXCEED THE PAGE LIMITS IN APPELLANT PRO-SE BRIEF

## AN ADDITIONAL 13. PAGES FOR THE BRIEF AND ANOTHER
## ADDITIONAL 48. PAGES FOR THE EXHIBITS ATTACHED HERETO

I PRO-SE APPELLANT TIMOTHY BOOTH AM FILING A MOTIONS TO
ATTACH EXHIBITS TO MY INFORMAL BRIEF, WHICH IS DUE ON AUGUST
6TH 2025.

I PRO-SE APPELLANT TIMOTHY BOOTH RESPECTFULLY MOTION TO
EXCEED THE PAGE LIMITS IN MY INFORMAL BRIEF.

THIS IS BECAUSE OF THE COMPLEXITY OF APPELLANT HISTORY WITH
UNITED STATES DISTRICT COURT JUDGE JOHN MILTON YOUNGE.

I'M NOT A MEMBER OF THE BAR AND PRAY THAT THIS MOTION WILL
BE GRANTED BY THIS 3RD CIRCUIT COURT OF APPEALS

I PRO-SE TIMOTHY BOOTH APPELLANT ASK THIS 3rd CIRCUIT COURT OF APPEALS TO GRANT THIS PRO-SE MOTION TO ATTACH ADDITIONAL EXHIBITS AND TO EXCEED THE PAGE LIMITS

THESE ATTACHED DOCUMENTS ARE GENUINE MATERIAL OF FACTS IN SUPPORT OF MY APPEAL.

JUDGE JOHN MILTON YOUNGE IN HIS REFUSAL TO RECUSE HIMSELF SAID THAT APPELLANT TIMOTHY BOOTH DIDN'T OBJECT TO HIS PRESIDING OVER HIS PREVIOUS EMPLOYMENT DISCRIMINATION CLAIM 20-CV-01751., THESE ADDITIONAL EVIDENCE WILL SUPPORT APPELLANT TIMOTHY BOOTH BRIEF THAT HIS FORMER NEIGHBOR JUDGE JOHN MILTON YOUNGE SHOULD HAVE RECUSED HIMSELF DUE TO OUR CONTENTIOUS CHILDHOOD HISTORY

1. THESE EXHIBITS SHOWS THAT APPELLANT TIMOTHY BOOTH CIVIL RIGHTS VIOLATION EMPLOYMENT DISCRIMINATION LAWSUIT 20-CV-01751 ( FOR RACIAL DISCRIMINATION BY LT ALLAN AND RELIGIOUS DISCRIMINATION BY CAPTAIN DRISSEL AND DISCRIMINATION WITH THREATS OF VIOLENCE BY SGT. MCMENAMIN) WAS ORIGINALLY ASSIGNED TO UNITED STATES EASTERN DISTRICT COURT JUDGE DARNELL JONES, WHOM DENIED THE DEFENDANTs MOTION TO DISMISS AND ORDERED PLAINTIFF TIMOTHY BOOTH TO FILE AN AMEND CLAIM IN THE FORMAT AS INSTRUCTED BY THE COURT. THEN JUDGE DARNELL JONES ORDERED MEDIATION.

2. STATEMENT FROM APPELLANT FORMER ATTORNEY ABIONA OLUESQ@AOL.COM FOR REPRESENTATION IN TIMOTHY BOOTH CIVIL RIGHTS VIOLATION EMPLOYMENT DISCRIMINATION LAWSUIT 20-CV-01751 WAS REASSIGNED TO JUDGE JOHN MILTON YOUNGE AFTER JUDGE DARNELL JONES RETIRED. REPRESENTATION STARTED AT AMENDING MY COMPLAINT 20-CV-01751 UNTIL JUDGE JOHN MILTON YOUNGE GRANTED THE DEFENDANTS SUMMARY JUDGMENT FOR THE EMPLOYMENT DISCRIMINATION CLAIM OF RACIAL AND RELIGIOUS AND DISCRIMINATION WITH THREATS OF VIOLENCE

3.WITNESS AFFIDAVITS FROM COLLEEN GARDNER WADE BOOTH POWER OF ATTORNEY,JUDGE JOHN MILTON YOUNGE RECUSING HIMSELF FROM WADE

BOOTH LITIGATION IN THE PHILADELPHIA COMMON PLEAS COURT BECAUSE OF THE APPEARANCE OF PARTIALITY FROM BEING FORMER CHILDHOOD NEIGHBORS

4. LORRAINE BOOTH ACCOUNT OF HER SON TIMOTHY BOORH BEING BITTEN BY JUDGE JOHN MILTON YOUNGE DOG AND THE CONTENTIOUS RELATIONSHIP AFTERWARDS,ALONG WITH HER REASON SHE AS TIMOTHY BOOTH PARENT DIDN'T SUE JUDGE JOHN MILTON YOUNGE FAMILY FOR THE INJURIES FROM BEING BITTEN BY JUDGE JOHN MILTON YOUNGE DOG.

5. THE INGLIS HOUSE ATTORNEY JEFFERY MCDONNELL IN WHICH THE, THEN STATE COURT JUDGE JOHN MILTON YOUNGE RECUSED HIMSELF FROM WADE BOOTH V INGLIS HOUSE PREMISE LIABILITY CLAIM BECAUSE JUDGE JOHN MILTON YOUNGE AND WADE BOOTH WERE FORMER CHILDHOOD NEIGHBORS ( APPEARANCE OF BIAS AND PARTIALITY)

6.JUDGE JOHN MILTON YOUNGE DECISION IN APPELLANT PRIOR EMPLOYMENT DISCRIMINATION CLAIM 20-CV-O1751 RULING THAT PLAINTIFF TIMOTHY BOOTH(TIMOTHY BOOTH DIDN'T SUFFER ANY ADVERSE HARM FROM THE DEFENDANTS ACTIONS AGAINST HIM.).

7. APPELLANT TIMOTHY BOOTH REFILED THE REMAINING STATE LAW CLAIMS FROM 20-CV-O1751 IN THE STATE COURT. THEN THE CITY OF PHILADELPHIA ATTORNEY FILED A MOTION FOR REMOVAL OF TIMOTHY BOOTH REFILED STATE LAW CLAIM NOV.TERM,2023 # 0680, TRANSFERRED BACK TO UNITED STATES COURT JUDGE JOHN MILTON YOUNGE FOR LITIGATION 23-4147.

8. THIS VERY SAME 3RD CIRCUIT COURT OF APPEALS RULED THAT SINCE APPEALLANT DIDN'T BRING UP THE ISSUES OF DISQUALIFICATION IN MY PRIOR EMPLOYMENT DISCRIMINATION LAWSUIT THEN IT WOULDN'T BE CONSIDERED IN THE APPEAL 23-3004 OF JUDGE JOHN MILTON YOUNGE SUMMARY JUDGMENT DECISION IN FAVOR OF THE DEFENDANTS.

3

I PRO-SE APPELLANT TIMOTHY BOOTH MOTION THIS COURT OF APPEALS TO ACCEPT THESE ATTACHED ADDITIONAL EXHIBITS TO BE INCLUDED IN MY INFORMAL BRIEF AND ALSO MOTION TO THIS 3RD CIRCUIT COURT OF APPEALS TO BE ALLOWED TO EXCEED THE PAGE LIMITS IN MY INFORMAL BRIEF.

DATED
August 4, 2025

## CERTIFICATE OF SERVICE

I PRO-SE APPELLANT TIMOTHY BOOTH HEREBY DECLARE THAT I'VE SERVED A COPY OF THE ATTACHED MOTION TO ATTACH EXHIBITS AND MOTION TO EXCEED THE PAGE LIMITS IN APPELLANT INFORMAL BREIF, UPON THE PARTIES LISTED BELOW AND IN THE MANNER AS STATED

**Via U.S. Mail and Email**:

**ELECTRONICALLY FILED**

**Jill Osborne 1515 ARCH STREET 17TH FL.
PHILADELPHIA PA 19102**

Jill.osborn@phila.gov

**ATTORNEY FOR THE APPELLEES THE CITY OF PHILADELPHIA POLICE DEPARTMENT ET AL, AS LISTED ON THE EEOC RIGHT TO SUE LETTER**

DATED 8-04-2025

*Timothy Booth*

Timothy Booth

**Timothy booth**
**4215,Filbert,Street Philadelphia, PA.19104**
**timothybooth21@gmail.com Appellant Pro- Se**

4