**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-1742
_____

TIMOTHY BOOTH,
        Appellant

v.

THE CITY OF PHILADELPHIA POLICE DEPARTMENT; and
CAPTAIN SCOTT DRISSELL, Commanding Officer

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 2:25-cv-00984)
District Judge: Honorable John M. Younge
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 3, 2025

Before: SHWARTZ, MONTGOMERY-REEVES, and SCIRICA, Circuit Judges

(Opinion filed: September 4, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In 2020, Timothy Booth filed a federal civil rights action against the City of Philadelphia and three of its police officers, including Captain Scott Drissel. Booth claimed that, during his time as a custodian with the City's police department, the officers harassed him in ways that were tantamount to retaliation and discrimination. The District Court granted the defendants' motions for summary judgment and dismissed with prejudice all of Booth's federal claims and one of his state law claims. The remaining state law claims were dismissed without prejudice to re-assertion in state court. Booth appealed, and we affirmed the District Court's judgment. See Booth v. Drissel, C.A. No. 23-3004, 2024 WL 3811624, at *3 (3d Cir. Aug. 14, 2024) (per curiam).

In 2023, Booth filed suit in state court against the same three police officers, raising the state law claims that had been dismissed without prejudice, plus certain of the already-rejected federal claims. The defendants removed the state court action to the District Court, which granted their motions to dismiss under Federal Rule of Civil Procedure 12 (b)(6). See Booth v. Drissel, DC Civ. No. 2:23-cv-04741, ECF Nos. 13 & 15 (E.D. Pa.). Booth did not appeal that decision.

In 2025, Booth filed the underlying civil rights action against the City's police department and Drissel. The facts alleged in the latest complaint substantially overlapped with those alleged in the prior ones, while adding details about Booth's unsuccessful workers' compensation case, his placement by the police department on "no duty status," his unsuccessful civil service appeal, and his termination from employment. The District

2

Court granted Booth leave to proceed in forma pauperis, denied his recusal motion, and dismissed the new complaint, with prejudice, under 28 U.S.C. § 1915(e)(2)(B)(ii).

In its opinion supporting dismissal, the District Court explained as follows: Booth's retaliation claims were defective for reasons given in our opinion resolving the prior appeal; his Title VII retaliation claim against Drissel was also defective because Drissel is not an "employer" for purposes of 42 U.S.C. § 2000e-2(a)(1); his claims under the Sarbanes-Oxley Act of 2002, see 18 U.S.C. § 1514A, were defective because neither defendant is a publicly traded company; his due process claim was defective because he did not allege (plausibly or otherwise) that there was constitutional inadequacy in the civil service appeal proceedings; and amendment of the complaint would be futile.

Booth timely appealed. We have jurisdiction under 28 U.S.C. § 1291. We review de novo an order of dismissal under § 1915(e)(2)(B)(ii). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We review for abuse of discretion an order denying a recusal motion. See Jones v. Pittsburgh Nat. Corp., 899 F.2d 1350, 1356 (3d Cir. 1990).

The pro se appellate brief filed by Booth is largely concerned with the District Judge's failure to recuse from the litigation on account of their "contentious history." Br. 2–3, 10. Specifically, when Booth was a child many years ago, he lived two doors down from the District Judge's parents. One day, the young Booth was helping the District Judge's father by carrying groceries to his home. Upon reaching the porch, Booth encountered the family dog, Cocco, who bit Booth on the leg. Booth required medical treatment at the hospital—stitches and a shot. The District Judge allegedly told Booth at

3

the time that he must have upset Cocco. The District Judge's parents, meanwhile, were more sympathetic to Booth. This decades-old incident, Booth argued in his recusal motion, revealed the District Judge to be incapable of impartiality in Booth's case.[1]

The District Judge acknowledged that his parents and Booth used to be neighbors, but questioned why Booth had not raised this issue in his prior two lawsuits (over which the District Judge had presided).[2] The District Judge observed that "the nature and timing of Plaintiff's motion to disqualify/recuse is highly suggestive of some dissatisfaction with my prior rulings in connection with litigation that was previously assigned to me which does not constitute proper grounds for recusal." DC ECF No. 6 at 3 n.2. The District Judge observed further that he had no independent recollection of the dog-bite incident, which must have occurred over fifty years ago given that Cocco died in the early 1970s. The District Judge expressed that he was unable to corroborate Booth's story, as both of the District Judge's parents had passed away. Regardless, the District Judge found his personal connection to Booth too "attenuated and tenuous" to provide a basis for mandatory recusal under 28 U.S.C. § 455. DC ECF No. 6 at 4 n.2.

---

[1] Booth also contended without any supporting details that the District Judge—when he was a state court judge—once recused from litigation involving Booth's brother.

[2] Booth first mentioned the dog-bite incident in his reply brief filed in the prior appeal. We noted that that was too late in the day to properly raise an issue in that appeal. See Booth, 2024 WL 3811624, at *3 n.7.

We have carefully considered the recusal issue, as well as the District Court's rationale for dismissing Booth's complaint under § 1915(e)(2)(B)(ii). For substantially the reasons given by the District Court in its April 7, 2025 opinion, dismissal of the complaint—with prejudice and without leave to amend—was proper. See Murray v. UBS Sec., LLC, 601 U.S. 23, 27 (2024) (explaining that § 1514A "prohibits publicly traded companies from retaliating against employees who report what they reasonably believe to be instances of criminal fraud or securities law violations"); Booth, 2024 WL 3811624, at *2 n.6 ("[T]here is no evidence suggesting that Booth engaged in constitutionally (i.e., First Amendment) protected citizen speech on a matter of public concern, rather than in mere employee speech on matters of concern personal to Booth."); Great W. Mining & Min. Co. v. Fox Rothschild LLP, 615 F.3d 159, 175 (3d Cir. 2010) ("Under Rule 15(a), futility of amendment is a sufficient basis to deny leave to amend."); Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1078 (3d Cir. 1996) ("[W]e are persuaded that Congress did not intend to hold individual employees liable under Title VII.").

Thus, even putting aside our skepticism that recusal was required under § 455, cf. Horwitz v. Alloy Auto. Co., 992 F.2d 100, 103–04 (7th Cir. 1993), we are satisfied that "[a]ny possible harm that may have been done by the [District Judge's] decision to not recuse . . . (and we do not suggest that any harm occurred) is [ ] eliminated by our own review," Kendall v. Daily News Pub. Co., 716 F.3d 82, 98 (3d Cir. 2013). The judgment of the District Court will be affirmed.